**UNITED STATES of America ex rel. Herbert BROTHERS**

v.

**Alfred T. RUNDLE, Superintendent.**

**Misc. No. 4032.**

United States District Court
E. D. Pennsylvania.

Sept. 10, 1968.

No appearance for relator.

Roger Cox, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## OPINION

LUONGO, District Judge.

Relator, Herbert Brothers, was convicted in the state court on charges of sodomy and related offenses. He has filed here a petition for writ of habeas corpus[1] contending that he was denied due process of law (1) by the Commonwealth's failure to produce a certain witness, and (2) the trial judge delivered an "Allen charge"[2] when the jury sought clarification of the evidence during its deliberations.

I have examined the record of the state court proceedings and have concluded that the merits of relator's contentions may be disposed of on that record without an evidentiary hearing in this court.

### 1. *Failure to produce witness.*

The object of the assault was a nine year old boy who will be referred to hereafter simply as Victim. At trial, Victim testified that he had encountered Brothers in a grocery store; that another boy (whom he did not know, but had seen at school), of approximately Victim's age, was also in the store; that Brothers and the two boys left the store at about the same time; that Brothers seized both boys, dragged them about a half-block down the street and into an alley; that the other boy broke away and fled, and thereafter Brothers sexually assaulted Victim. The other boy was not produced at trial.

Brothers contends that the failure to produce the other boy as a witness constituted a denial of due process of law or at the very least entitled him to an instruction that the jury could infer, from that failure to produce, that the other boy's testimony would have been favorable to Brothers.

■ Pennsylvania law does not require the prosecution to produce all witnesses in a criminal case if the testimony is cumulative or relates to background information. Commonwealth v. Horn, 395 Pa. 585, 150 A.2d 872 (1959); Commonwealth v. Tauza, 300 Pa. 375, 150 A. 649 (1930); Commonwealth v. Deitrick, 221 Pa. 7, 70 A. 275 (1908); Commonwealth v. Karamarkovic, 218 Pa. 405, 67 A. 650 (1907).

■■ Due process commands fundamental fairness in the conduct of a trial. It is not a requirement of due process that the prosecution search out and produce every witness, and there is no violation if the prosecutor "merely fails to disclose evidence of which he has no knowledge or fails simply to use or disclose evidence which is only vague, inconclusive and cumulative * * *." Jordon v. Bondy, 72 App.D.C. 360, 114 F.2d 599, 604 (1940); In re Curtis, 36 F.Supp. 408 (D.C.D.C.1941). On the other hand, due process prohibits suppression by the prosecution of material evidence favorable to the accused. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); United States ex rel. Meers v. Wilkins, 326 F.2d 135 (2d Cir. 1964); United States ex rel. Almeida v. Baldi, 195 F.2d 815, 33 A.L.R.2d 1407 (3d Cir. 1952), cert. denied, 345 U.S. 904, 73 S.Ct.

---

1. Relator has filed no proceedings under the Pennsylvania Post Conviction Hearing Act, 19 P.S. § 1180.1 et seq., but since he did raise on direct appeal the same constitutional questions presented here, he has exhausted state remedies.

2. The term is derived from supplemental instructions approved in Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L. Ed. 528 (1896).

639, 97 L.Ed. 1341 (1953) ; United States ex rel. Thompson v. Dye, 221 F.2d 763 (3d Cir.), cert. denied sub nom. Commonwealth of Pennsylvania v. United States ex rel. Thompson, 350 U.S. 875, 76 S.Ct. 120, 100 L.Ed. 773 (1955).

This record affords no basis whatsoever for a charge of suppression of material evidence favorable to the accused. It appears that the prosecution neither knew the identity of the other boy nor did it have any reason to believe that he could give testimony favorable to the accused. It is quite apparent that the other boy was not even an eyewitness to the crimes charged. At worst, the prosecution might be charged with a lack of diligence in failing to ascertain the identity of, and to produce a witness whose testimony could only be corroborative as to events preceding the commission of the crimes. From relator's standpoint, in light of his alibi defense, i. e. that he was at home with his wife at the time of the alleged incidents, the other boy's testimony could only have been offered to refute the identification of relator as the man in the store. From the prosecution's point of view, on the other hand, the other boy's testimony would constitute, in the main, cumulative evidence corroborating Victim's identification of Brothers. There was ample corroboration of Victim's testimony on that score. A 17 year old clerk at the grocery store identified Brothers as having been present in the store on the evening in question and he testified further that Brothers left the store at or about the same time as the two little boys. There was also testimony by Victim's 12 year old sister placing Brothers on the store steps near Victim at a time immediately following the assault. Additionally, Victim had identified Brothers as the man who had rubbed his (Victim's) head at the Post Office the day before the assault, an incident witnessed by Victim's 15 year old brother. The 15 year old brother testified at the trial and identified Brothers as the man involved in the Post Office incident.

■ Failure of the prosecution to ascertain the identity of the other boy and to produce him at the trial, under the circumstances here present, violated no fundamental rules of fairness and did not constitute a denial of due process of law.

■ As to relator's complaint concerning failure of the court to charge the jury that it might draw an inference favorable to him from the Commonwealth's failure to call the other boy as a witness, the weight to be given to evidence or to the failure to produce evidence is a matter of state law and will concern the federal courts only if the state court's interpretation of its law offends due process. To establish a violation of due process requires a showing of lack of fundamental fairness. Under Pennsylvania law, failure to produce an available, informed and competent witness raises a factual inference, not a presumption of law, and refusal of the trial judge to charge as to such factual inference is not reversible error. Bayout v. Bayout, 373 Pa. 549, 96 A.2d 876 (1953). Further, in the absence of evidence that the unproduced witness saw the occurrence for which the defendant stands indicted, the factual inference may not be drawn and in such case an instruction concerning the drawing of a factual inference is not warranted at all. Commonwealth v. Reina, 186 Pa.Super. 116, 140 A.2d 633 (1958). Pennsylvania rules as to the instructions which may or must be given to the jury concerning failure to produce a witness offend no fundamental concepts of fairness inherent in due process.

### 2. The "Allen charge".

Relator's second ground is that due process was violated by delivery of an "Allen charge", particularly when viewed in light of the circumstances under which those instructions were given.

This case was submitted to the jury at approximately 4:00 o'clock in the afternoon. In the evening the jury returned apparently seeking clarification of evidence. The trial judge responded with additional instructions on the law, which are set out in full in the Appendix, and the jury retired to resume its deliberations at 10:12 p. m. At 11:38 p. m. the

jury returned with a verdict of guilty which, on a poll of the jury, each individual juror affirmed.

 The language used by the trial judge is almost verbatim the supplemental instructions approved in Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). The additional comments as to the necessity of a new trial have most recently been approved by the Seventh Circuit and the District of Columbia Circuit Courts of Appeals. See United States v. White, 382 F.2d 445 (7th Cir. 1967); Fulwood v. United States, 125 U.S.App.D.C. 183, 369 F.2d 960 (1966). Since such instructions have been approved, their use cannot be said to be coercive and to constitute a denial of due process of law. The fact that they were delivered at approximately 10:00 o'clock in the evening adds little. It is true that the jury deliberated until late in the evening, but then it did not commence its deliberations until late in the afternoon. The period of deliberations was not unduly long. At no point did the jury manifest objection to performing its duty as late as it did. The polling of the jury afforded additional opportunity for the jurors to register dissatisfaction or dissent, but none did.

The petition for writ of habeas corpus will be denied without hearing.

## APPENDIX

THE COURT: Well, I can't—the only thing I can do is perhaps give you additional instructions on the Law, and, maybe, if you could point to—without—I don't want you to tell me how you are divided, because I should not be told that. But, if you have any question where, maybe, I could throw some light on it for further deliberations, I would like to have that question. If you haven't, I just feel—after all, this case has been on trial for several days, and in a large proportion of cases, absolute certainty cannot be expected. Of course, the verdict must be the verdict of each individual juror, not a mere acquiescence in the conclusions of others, of other jurors; yet, you should examine the question with candor, with proper regard and deference to the opinions of each other. It is your duty, of course, to decide the case, if you can conscientiously do so, because, if you don't decide it, the case will probably be tried again, spending the same amount of time, perhaps, again, and a new jury that is no better than you are will have to do this again. And, so, I think it is your duty to decide the case, if you can conscientiously do so, and, perhaps, you should listen with a disposition to be convinced to each other's arguments.

If the larger number of you is for conviction, a dissenting juror should consider whether his doubt was a reasonable one which made no impression on the minds of so many others, equally honest, equally intelligent, equal with himself. On the other hand, if the majority are for acquittal, the minority ought to ask themselves whether they might not reasonably doubt the correctness of a judgment which was not concurred in by the majority. One of our United States Supreme Courts—from this we gather this statement, which is a paraphrase, but I pass it on to you. While undoubtedly the verdict of the jury should represent the opinion of each individual juror, it by no means follows that opinions may not be changed by conference in the jury room. The very object of the jury system is to secure unanimity by a comparison of views and by arguments among the jurors, themselves. It cannot be the law that each juror cannot listen with deference to the arguments and with the distruct of his own judgment, if he finds a large majority of the jury taking a different view of the case from what he does, himself. It cannot be that each juror should go to the jury room with a blind determination that the verdict should represent his opinion of the case at that moment, or that he should close his ears to the arguments of men who are equally honest and intelligent, as himself.

Now, these are statements that I give you as guides. I can't tell you to disregard your opinions, because you are

entitled to your opinions, but I can urge you to review your thinking in the light of what I have just said. It isn't wrong to give up your view in favor of one that someone else has, if you become convinced that that is the view that, perhaps, you ought to accept. You have the right to do that. I would like you to try again. See if you can't iron out your difficulties and your differences, because I know that if you don't agree this case has to be tried again. And, I don't believe that we will get a better jury than you are. It is going to be the same kind of people, just like yourselves, and the case has to be decided by a jury, so I hope you can do it.