## Commonwealth *v.* Barbry, Appellant.

Argued September 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*John W. Packel,* Assistant Defender, with him *Louis M. Natali* and *Melvin Dildine,* Assistant Defenders, and *Herman I. Pollock,* Defender, for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Michael Baylson,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 1, 1968:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J., November 14, 1968:

Defendant was tried on an indictment of rape. A mistrial was declared after the jury was unable to reach a verdict, and a new trial was ordered. At both trials, the prosecutrix testified that defendant forced her, at knifepoint, to accompany him to a vacant house, where he assaulted her twice. Defendant, testifying in his own defense, acknowledged that he had intercourse with the prosecutrix. He stated, however, that it resulted from her solicitation, and was consummated with her consent.

At the second trial after defendant had testified, the Commonwealth called the deputy clerk of the Court of Quarter Sessions. The clerk testified that he had with him a 1961 bill of indictment which reflected that

defendant had been convicted of larceny. The clerk also testified that defendant "is committed to State Correctional Institute at Camp Hill, Pennsylvania."

On cross-examination the defense attorney attempted to have the clerk read the subject matter of the larceny from the bill. The Commonwealth objected. The court sustained the objection and further ruled, over defense objection, that the bill could not be introduced into evidence and made available for jury inspection.

The jury deliberated for four and one-half hours and then reported that it was deadlocked. The court sent the jury back for further reconsideration. Two hours later it returned a verdict of guilty.

A post-conviction hearing act petition was filed and defendant was granted leave to proceed on appeal, nunc pro tunc.

The question raised on appeal is whether the jury may be informed by a selective reading of a bill of indictment that defendant was convicted and imprisoned for a past larceny but may not be informed of the subject matter of that larceny. In my opinion, the defendant should be permitted to so inform the jury.

Larceny is a legal term which could easily connote to a layman a variety of serious and heinous crimes. A jury may believe that "larceny" involves a robbery, an armed robbery, a breaking and entering, or a burglary. Because the court below was not obliged to charge on "larceny", there was no way by which the jury might be disabused of such a misapprehension without an actual reading of the bill of indictment itself. Therefore, defendant might have been prejudiced by not being allowed to show that he had, in fact, stolen a $50 record player.

In the same manner, whenever a defendant is not permitted to have read from the bill of indictment the

subject matter of a prior misdeed, the jury may misapprehend the seriousness of the prior conviction.

For instance, a jury learning that a defendant had been previously convicted of corrupting the morals of a minor might infer that defendant had engaged in sordid sexual activities with a young girl when he had only offered beer to a college girl. A jury which is informed that a defendant had a prior conviction of burglary might infer that he had broken into an occupied house in the dead of night when, in fact, he had broken open a telephone booth change box. Such illustrations are endless.

The right of the Commonwealth to introduce proof of prior convictions against defendants who have taken the stand in their own defense, *Commonwealth v. Riddick*, 212 Pa. Superior Ct. 390, 243 A. 2d 174 (1968) has consistently caused much concern.

As was said in *Commonwealth v. Williams*, 307 Pa. 134, 151, 160 Atl. 602 (1932) and reiterated in part in *Commonwealth v. DePofi*, 362 Pa. 229, 66 A. 2d 649 (1949). "The fundamental objection to the introduction of (prior convictions) is that the jury may be prejudiced by a familiarity with these prior convictions when considering the question of guilt or innocence. We endeavored to relieve this possible difficulty by directing the trial court to explain carefully to the jury the limitation on this evidence. Even so, there can be little doubt that the admission of a prior conviction trenches very strongly on the fundamental rule of evidence, that a distinct crime unconnected with that on trial cannot be given in evidence against a prisoner as proof of the crime on trial. . ."

As the above quote indicates, the admission of such evidence militates against a defendant with a prior criminal record taking the stand in his own defense. Such a defendant fears that the introduction of his

prior criminal record will cause the jury to give undue weight to his prior convictions. Nevertheless, a defendant must often testify because he could not otherwise present a viable defense. This is especially so in a rape case where he raises the defense of consent.

The introduction of evidence relating to a prior conviction carries with it the potential for great prejudice and harm.

As a matter of basic fairness, therefore, a defendant should be permitted to dissipate the possible impression that he has committed a very serious crime by reading from the bill the subject matter of that crime or, alternatively, by introducing the bill into evidence.

There are no countervailing considerations which weigh against the granting of this right. The offer of proof is simple and direct. No new witnesses are needed and the testimony of the clerk of the Court of Quarter Sessions could not be subject to attack by the Commonwealth. The jury would not be confused, nor would the trial be lengthened. The traditional objections to a defendant seeking to explain a prior conviction which has been introduced into evidence are not apposite, therefore, in this circumstance. Cf. *Commonwealth v. Williams*, supra.

I would hold, however, that the Commonwealth should not be entitled to introduce such evidence in an attempt to demonstrate to a jury the seriousness of a prior crime. The rule is already sufficiently prejudicial in that it puts a defendant to the chore of remaining silent or testifying with the knowledge that his record will be put into evidence. In similar circumstances, the U. S. Supreme Court has held that a defendant should not have his decision to exercise his right to remain silent used as a weapon against him. *Griffin v. California*, 380 U.S. 609 (1965). Converse-

ly a defendant who chooses to testify should not do so at the peril of being subjected to an evidentiary rule attacking his credibility which assumes proportions and weight far greater than it deserves.

Moreover, the trial court, in its charge, reiterated that defendant was "sent to the Pennsylvania Correctional Institute called Camp Hill." (N.T.C. 30) as punishment for the larceny. This charge may have led the jury to believe that defendant stole a sum greater than was actually taken. There can be no justification for the disclosure of the sentence imposed, which must surely weigh on the jury's consideration of the seriousness of the crime, unless defendant may present the opposing view reflecting the innocuous nature of the crime as shown on the bill of indictment.

Denial of these rights to this defendant cannot be considered harmless error. One jury had already deadlocked in the earlier trial of this case. In this trial, the jury was again at first, deadlocked, and so reported to the court. It was able to reach a verdict only after many hours of deliberation. It is patently obvious that this case presented a very close question of fact which depended on the jury's hairline evaluation of whether the defendant was telling the truth when he stated that his sexual relations with the prosecutrix were consensual.

Thus, the error by the court may have tipped the balance in favor of a verdict of guilty. As such, the error cannot be considered harmless. We said in *Commonwealth v. Blose*, 160 Pa. Superior Ct. 165, 50 A. 2d 742 (1947), quoting Mr. Justice RUTLEDGE in *Kotteakos v. United States*, 328 U.S. 750, 66 S. Ct. 1239 (1946), that "if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impos-

sible to conclude that substantial rights were not affected. . . . If so, or if one is left in grave doubt, the conviction cannot stand."

That is precisely the situation in the instant case.

I would vacate the judgment of sentence and order a new trial.