**UNITED STATES of America ex rel. Herbert BROTHERS, H–6564, Appellant,**

v.

**Alfred T. RUNDLE, Superintendent.**

**No. 17652.**

United States Court of Appeals Third Circuit.

Submitted on Briefs June 2, 1969.

Decided July 22, 1969.

Herbert Brothers, Philadelphia, Pa., for appellant.

Joseph J. Musto, Asst. Dist. Atty., Philadelphia, Pa., James D. Crawford, Asst. Dist. Atty., Chief, Appeals Division, Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., for appellee.

Before KALODNER, VAN DUSEN and STAHL, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Relator appeals from a September 10, 1968, order of the District Court denying a petition for a writ of habeas corpus. Following his conviction by a jury of (1) corrupting the morals of a nine-year old minor, (2) assault and battery, (3) assault with intent to commit sodomy, and (4) sodomy (N. T. 613–14), after a five-day trial relator's post-trial motions were denied by an order supported by a December 11, 1967 opinion of the state trial court and his appeal to the Pennsylvania Superior Court resulted in affirmance of his conviction per curiam. Commonwealth v. Brothers, 211 Pa.Super. 758, 237 A.2d 848 (1968), petition for allowance of appeal denied on 6/3/68 by the Pennsylvania Supreme Court (No. 127A, Misc.Docket .#16).

After careful consideration of relator's contentions and the record, we have concluded that such contentions must be rejected for the reasons ably stated by Judge Luongo in United States ex rel. Brothers v. Rundle, 302 F.Supp. 402 (E. D. Pa. 1968).

In view of the recent opinion concerning the so-called Allen charge in United States v. Fioravanti et al., 412 F.2d 407 (3rd Cir., 1969), it is noted that (1) the "prohibition" in that opinion applies to charges given after June 16, 1969, in federal court trials in this Circuit and (2) that opinion specifically states (p. 419): "We do not re-examine the constitutional question * * *." In Tomoya Kawakita v. United States, 343 U. S. 717, 72 S.Ct. 950, 96 L.Ed. 1249

(1952), the Supreme Court of the United States has rejected objections on constitutional grounds to language in a charge similar to that used in this case,[1] where, as here, more than an hour elapsed between the supplemental charge and the verdict. See, also, Fulwood v. United States, 125 U.S.App.D.C. 183, 369 F.2d 960, 962 (1966), cert. den. 387 U.S. 934, 87 S.Ct. 2058, 18 L.Ed.2d 996 (1967); United States v. Davidson, 367 F.2d 60, 62 (6th Cir. 1966). In the context in which this supplemental charge was given and the verdict rendered, we find no constitutionally unwarranted infringement on the function of the jury.[2] See Note, "Deadlocked Juries and Dynamite: a Critical Look at the 'Allen Charge'", 31 Univ. of Chi.L.Rev. 386 (1964); 100 A.L.R.2d 177, 182–191 (1965).

On June 16, 1969, the United States Supreme Court denied a petition for a writ of certiorari in Plumley v. Maryland (4 Md.App. 671, 245 A.2d 111) 395 U.S. 960, 89 S.Ct. 2102, 23 L.Ed.2d 746 where language at least as strong (see p. 117 of 245 A.2d) as that contained in this supplemental charge was used (395 U.S. 960, 89 S.Ct. 2102); Cf. Rao v. United States, 394 F.2d 354 (2nd Cir.), cert. den. 393 U.S. 845, 89 S.Ct. 129, 21 L. Ed.2d 116, rehearing den. 393 U.S. 972, 89 S.Ct. 390, 21 L.Ed.2d 386 (1968).

The September 10, 1968, order of the District Court will be affirmed.

1. See Tomoya Kawakita v. United States, 190 F.2d 506, 522–528 (9th Cir. 1951), and statement at 343 U.S. 744, 72 S.Ct. 950 that "other alleged errors * * * are either insubstantial or * * * adequately disposed of by the Court of Appeals * * *." In the Kawakita case, the supplemental charge, delivered at a time when the foreman and other jurors were asking to be discharged, contained this wording (footnote 17 at p. 524 of 190 F.2d):

"If the much larger number of you are for a conviction, each dissenting juror should consider whether a doubt in his or her own mind is a reasonable one, since it makes no effective impression upon the minds of so many equally honest, equally intelligent fellow jurors who have heard the same evidence, with the same attention and with an equal desire to arrive at the truth and under the sanction of the same oath.

"On the other hand, if a majority or any substantial number of you are for acquittal, the other jurors ought seriously to ask themselves again whether they do not have reason to doubt the correctness of a judgment which is not concurred in by many of their fellows."

2. It is noted that the court included this language in the allegedly constitutionally defective supplemental charge:

"Of course, the verdict must be the verdict of each individual juror, not a mere acquiescence in the conclusions of others, of other jurors, yet, you should examine the question with candor, with proper regard and deference to the opinions of each other.

* * * * *

"Now, these are statements that I give you as guides. I can't tell you to disregard your opinions because you are entitled to your opinions, but I can urge you to review your thinking in the light of what I have just said. It isn't wrong to give up your view in favor of one that someone else has, if you become convinced that that is the view that, perhaps, you ought to accept. You have the right to do that. I would like you to try again."

The original charge included this wording (N.T. 561–63):

"The defendant, as you have heard, is presumed to be innocent. * * * so that the burden remains on the Commonwealth throughout the case to prove the defendant's guilt beyond a reasonable doubt, and that burden continues throughout the case.

* * * * *

"It must be a doubt of such substance that if it occurred in connection with a matter of the highest importance in your own affairs, it would cause you to hesitate. And, if you feel a doubt such as this exists as to the guilt of the defendant, or as to any of the facts upon which guilt must depend, it would be your duty, of course, to acquit him."