Opinion by
 

 Watkins, J.,
 

 This is an appeal from the judgment of sentence in the Court of Quarter Sessions of Philadelphia County by James Holloway, the defendant-appellant, after conviction by a jury on charges of aggravated robbery and carrying a concealed deadly weapon. He was sentenced to five to ten years imprisonment. A motion for a new trial was denied on January 24, 1966 and no appeal taken therefrom. On March 21, 1966, the appellant filed a petition under the Post Conviction Hearing Act asking for a new trial nunc pro tunc. There was a hearing before Judge Stanley Greenberg on the petition and the court below permitted an appeal nunc pro tunc to this Court.
 

 
 *252
 
 In the trial of the case counsel for the appellant stipulated that the appellant’s prior record could be introduced into evidence. The appellant was represented by the Public Defenders Association and counsel was inexperienced. The record was read in the presence of the jury and consisted of a prior conviction of burglary. The appellant had taken the stand on his own behalf. At the time his prior record was permitted to be introduced into evidence, no explanation, statement of purpose or instruction as to the limited purpose of this stipulated testimony was given by court or counsel.
 

 In the charge to the jury the court stated: “This testimony was not offered for the purpose of proving the facts of the case. You will disregard that entirely as far as proving this case beyond a reasonable doubt. It was only introduced for the purpose of showing guilty knowledge and intent. This is what might be called res inter alios acta — similar but disconnected events.” This standing alone was clearly prejudicial error.
 

 At the conclusion of the court’s charge counsel for the appellant raised no question but the district attorney requested a side bar conference, which was granted. The district attorney then advised the court that the prior offense was not similar and that the record was introduced only to attack credibility.
 

 The Judge, after the side bar conference, gave the following instructions to the jury: “The district attorney tells you the purpose for the introduction of the previous conviction of this defendant on the charge of robbery was for you to weigh his credibility, the weight you would give to the testimony he has given.” Nothing was said by the court to indicate error in his prior instruction.
 

 It is clear that once a defendant takes the stand his character as to veracity is subject to the same attack
 
 *253
 
 as any other witness.
 
 Com. v.
 
 Butler, 405 Pa. 36, 173 A. 2d 468 (1961). The common law rule was that the defendant’s unrelated prior crimes may not be introduced to show that he probably committed the present crime. A prior conviction is considered unduly prejudicial and likely to influence the jury beyond its probable value as to being guilty of the present charge.
 

 However, there is an exception to the general rule and this exception is that if a defendant takes the stand his character as to veracity, his credibility, is subject to attack. This exception is the law of Pennsylvania. The assumption is that one who has committed a crime is less likely to tell the truth than one who has not. In Pennsylvania only misdemeanors classified as crimen falsi, which, of course, cast doubt on the defendant’s truthfulness, are admitted but all felonies are admitted for that purpose. Use of Prior Crimes to Affect Credibility in Pennsylvania, University of Pennsylvania Law Review, Yol. 113, No. 3, 1965, page 382 at page 387.
 

 Although severely criticized, the rule in Pennsylvania still permits the prior conviction of robbery to be introduced with the strict limitation that the purpose of admission is to attack credibility. In
 
 Com. v. Evancho,
 
 175 Pa. Superior Ct. 225, 103 A. 2d 289 (1954), the court failed to charge as to the limited nature of prior conviction evidence but had fully instructed the jury of its limitation at the time it was offered and admitted into evidence. Counsel for the defendant did not call the court’s attention to the oversight. This Court said, at pages 232-33: “The oversight in the charge would be serious had not the limited purpose for which the evidence was to be used been made clear to the jury at the time of the admission.” It seems to follow that if it had not been for the instruction given at the time of the admission the oversight would have been prejudicial fundamental error.
 

 
 *254
 
 In the instant case no instruction as to the limitation of this kind of evidence was given at the time of its admission, either by court or counsel. The court then erroneously charged the jury that the evidence of this similar crime was admissible to show guilty knowledge and intent which implies a disposition to commit crimes. The additional charge of the court, at the request of the district attorney, left much to be desired in that the charge was given not as an instruction of the court but as stating the position of the district attorney, but more importantly, the erroneous charge was not withdrawn.
 

 The conflicting instructions, without clarification, contained in the judge’s charge would leave with the jury a choice between the two or a combination of the two, as the jury weighed the prior conviction evidence in coming to a verdict. Where the trial court charged both correctly and incorrectly on the same proposition and it is impossible to determine which instruction was followed by the jury, there must be a reversal.
 
 Reiter v. Reiter,
 
 159 Pa. Superior Ct. 344, 48 A. 2d 66 (1946). It is unnecessary to consider other errors complained of by the appellant.
 

 Judgment of sentence reversed and a new trial granted.