Opinion by
 

 Jacobs, J.,
 

 Appellant was tried by a jury on October 26, 1966 on a charge of rape, and convicted. He has appealed from the sentence imposed by the court below.
 

 His sole objection is to the admission against him of prior convictions of felonies. In the trial the appellant took the stand and testified in his own behalf. Thereafter for the purpose of affecting his credibility, the Commonwealth called the clerk of the court below to testify that on a certain bill of indictment in 1954, the appellant had been charged with assault and battery with intent to ravish, a felony; that the appellant had been tried and convicted of that charge and was sentenced to two years probation. The court then asked who the victim was and the clerk replied that it was one Loretta Levy. After establishing that the defendant in the prior bill was the same person as the
 
 *392
 
 appellant, the district attorney offered the 1954 indictment in evidence. It was admitted over objection of the appellant who asked that a juror be withdrawn because the name of the victim in the prior indictment had been read to the jury. Three other prior convictions of robbery were admitted by stipulation.
 

 Appellant asks us to hold that prior convictions of felonies may not be admitted to impeach the credibility of a defendant who takes the stand, or, alternatively, to hold that the reading of the name of the victim in the prior conviction of assault and battery with intent to ravish was so highly prejudicial to appellant as to entitle him to a new trial.
 

 It is a well established law in Pennsylvania that “whenever a
 
 witness or a defendmvt
 
 takes the witness stand, his testimony may be impeached by showing prior convictions of felonies or misdemeanors in the nature of crimen falsi.”
 
 Commonwealth v. Butler,
 
 405 Pa. 36, 46-47, 173 A. 2d 468, 473 (1961), and cases therein cited. The appellant’s arguments do not convince us that this rule is wrong, and even if we were so convinced, we would be powerless to change it.
 

 Nor are we convinced by the appellant’s second argument that reading the name of a prior victim was prejudicial error because a member of the jury might have known that victim. It has been specifically held in following the above rule that an indictment for a prior crime on which the defendant was convicted may be admitted into evidence.
 
 Commonwealth v. Jones,
 
 334 Pa. 321, 5 A. 2d 804 (1939). In that case, to affect credibility, the court permitted an indictment to be entered into evidence which charged assault with intent to murder and assault with intent to maim, both felonies, upon one Samuel Jackson. Such precedent fully .authorized the admission of the indictment in this case.
 

 
 *393
 
 Previous convictions are normally shown by records of the same.
 
 Commonwealth v. Gibbs,
 
 167 Pa. Superior Ct. 79, 74 A. 2d 750 (1950). In this case as in
 
 Commonwealth v. Jones,
 
 supra, the record was shown by the presentation of the indictment which contained all the relevant information as to the nature of the charge, the conviction and the sentence imposed by the court. Within that indictment, as part of the charge, was the name of the victim of the assault with intent to ravish.
 
 [1]
 
 Once it was admitted into evidence the indictment was available to the jury and the mere fact that the court had the clerk name the victim in her testimony added nothing.
 

 Judgment of sentence affirmed.
 

 [1]
 

 This is consistent with our statement in
 
 Commonwealth v. Auerbach (No. 1),
 
 71 Pa. Superior Ct. 54, 57 (1919), cited by appellant, where we said, “All that it was proper ... to offer was tbe record showing the nature of the charge and the fact of the conviction and the sentence.” In that case we affirmed the lower court’s refusal to permit proof of facts leading up to the prior conviction.