Commonwealth *v.* Connolly, Appellant.

Submitted June 9, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

202

*Alfred P. Filippone* and *Girone & Filippone,* for appellant.

*James D. Crawford,* Deputy District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 18, 1970:

In the course of his trial for blackmail, appellant took the stand to testify in his own defense. For the purpose of impeaching his credibility, the Commonwealth proved that appellant had once been convicted of robbery by calling a clerk of court, who indicated that appellant had pleaded guilty to an indictment charging him with robbery.

Following this testimony, the following events occurred, as related in the opinion of the court below: "At this juncture in the trial, the Commonwealth called the Honorable Vincent A. Carroll to the witness stand for the purpose of identifying Connolly as the same person who had entered a plea of guilty before him to the indictment about which the court clerk had previously testified. . . . Previously, in chambers, Connolly's attorney had objected to Judge Carroll's testimony as unnecessary because Connolly was willing to stipulate that he was the same person whose plea Judge Carroll

accepted. Upon the insistence of the Assistant District Attorney that the jury had a right to see the witness and judge his credibility, the objection was overruled and Judge Carroll was permitted to testify."

After identifying appellant, Judge CARROLL stated: "I tried Connolly and sentenced him and I remember very well, because the case had been a nuisance to me ever since." Appellant's counsel then moved for the withdrawal of a juror. When Judge CARROLL started to speak again, counsel interrupted: "Just a moment Judge Carroll." The Judge responded: "You just a moment." Counsel replied: "Please, you are a witness, please, please."

After being asked to verify his signature, Judge CARROLL added: "I remember the case very well." Upon cross-examination, when asked if he remembered the case, he replied: "I certainly do. I recall the trial. I recall the post trial atmosphere." When this was objected to, he stated: "I recall the trial, then, period."

The jury convicted appellant of blackmail. From judgment of sentence, he now brings this appeal.

The law is clear that "[w]here a defendant in a criminal case takes the stand in his own defense he occupies the same status as any other witness and his credibility is in issue. The Commonwealth may therefore, by way of rebuttal evidence, introduce testimony as to his prior record of conviction of felonies or of misdemeanors in the nature of *crimen falsi* for the purpose of affecting his credibility." *Commonwealth v. Scoleri*, 432 Pa. 571, 579-580, 248 A. 2d 295, 299 (1968). "Although severely criticized, the rule in Pennsylvania still permits the prior conviction of robbery to be introduced with the strict limitation that the purpose of admission is to attack credibility." *Commonwealth v. Holloway*, 212 Pa. Superior Ct. 250, 253, 242 A. 2d 918, 920 (1968).

Appellant urges, however, that Judge CARROLL'S statements went far beyond an attack on credibility. He argues that the statements convey the impression that appellant was a wrongdoer for a period of time, and by innuendo injected collateral accusations of unspecified criminal acts.

"Previous convictions are normally shown by records of the same." *Commonwealth v. Riddick*, 212 Pa. Superior Ct. 390, 393, 243 A. 2d 174, 175 (1968). This method prevents immaterial and prejudicial matter from being brought to the jury's attention. Testimony beyond mere presentation of the record might, in some cases, be required if it were necessary to ascertain that the person named in the robbery indictment and the present defendant were the same. Any necessity for such evidence in this case was obviated by appellant's stipulation that the clerk of court's testimony related to him.* Limiting evidence of prior convictions to the record prevents possible prejudicial emphasis of the past crime from the mere presence of an unneeded witness. Also, such a limitation obviates the possibility that a witness will volunteer prejudicial information.

Arguably, if an extraneous witness had appeared and simply identified appellant, reversible error might not have been committed. However, here the witness stated that appellant's case had been a nuisance to him, and that he recalled the post-trial atmosphere. Moreover, the witness had a minor altercation with defense counsel. This may not have suggested continuing criminal offenses, but at least heightened the impact of the

---

* A series of Wisconsin cases dealing with admission of previous convictions pursuant to a recidivist statute indicates that if appellant admits the prior crime, no further evidence will be allowed. *Wells v. State*, 40 Wis. 2d 724, 162 N.W. 2d 634 (1968); *State v. Meyer*, 258 Wis. 326, 46 N.W. 2d 341 (1951); *Howard v. State*, 139 Wis. 529, 121 N.W. 133 (1909).

previous convictions on the jury and could easily have raised suspicions of general bad character. As has been long recognized, "it is not permissible to show a general bad character because of the abuse that could be made of it by the prosecution. . . ." *Commonwealth v. Quaranta,* 295 Pa. 264, 272, 145 A. 89, 92 (1928). The jury would likely wonder why the witness specifically remembered this case out of the great number he had been associated with in the intervening twelve years. Thus, an issue collateral to the conviction for robbery was raised. "A defendant on trial for crime, however guilty, may insist that the Commonwealth establish his guilt, by competent evidence in strict compliance with the law, unaffected by implication or innuendo flowing from collateral matters." *Commonwealth v. Steinberg,* 189 Pa. Superior Ct. 381, 385-386, 150 A. 2d 131, 133 (1959).

Of course, the extraneous testimony complained of was not that of any witness, but that of an eminent judge. It was established before the jury that he was President and Administrative Judge, a jurist of long experience. If, as argued above, appellant was prejudiced by the testimony of any superfluous witness who volunteered objectionable comments, the prejudice was significantly multiplied by the speaker being a jurist of such magnitude. The present case was a close one, where the evidence was not overwhelming and a past conviction could easily have swayed the jury's decision. In fact, the judge below indicated at the sentencing hearings that "the only reason why Connolly was convicted, in my simple judgment, was because he had a record, so that this conviction he got because he had a record." The evidence complained of was of significant impact because there was a witness unneeded for identification, who injected collateral issues, which were more likely to cause prejudice because the witness was

such an influential person. In such a close case, where all the above factors coalesced, appellant was unduly prejudiced and should be granted a new trial.

Accordingly, judgment of sentence is vacated and a new trial granted.

WRIGHT, P. J., and WATKINS, J., would affirm on the opinion of Judge BARBIERI.