Commonwealth *v.* Katchmer, Appellant.

Argued June 21, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Michael J. Perezous,* with him *Xakellis, Perezous & Mongiovi,* for appellant.

*George T. Brubaker,* Assistant District Attorney, with him *Clarence C. Newcomer,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 30, 1971:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant was arrested and charged with having sold one gram of hashish to a police undercover agent. At trial the only substantive evidence produced against appellant was the testimony of the agent-informer, Paul Guy. The defense presented was one of alibi. Appellant and two other witnesses testified to the effect that appellant could not have made the drug sale because he was out of town at the time. Before cross-examination of the alibi witnesses defense counsel informed the judge at side bar that he was aware the witnesses had juvenile court records. Counsel objected to any attempt by the district attorney to use these past records to impeach the witnesses' credibility. Nevertheless, the court allowed inquiry into prior juvenile

offenses, and this information was placed before the jury.

Appellant was convicted as charged, fined $200, and sentenced to two to five years in prison. This appeal followed.

"It is well established law in Pennsylvania that 'whenever a *witness or a defendant* takes the witness stand, his testimony may be impeached by showing prior conviction of felonies or misdemeanors in the nature of crimen falsi.'" *Commonwealth v. Riddick*, 212 Pa. Superior Ct. 390, 392, 243 A. 2d 174, 175 (1968). Cf. *Commonwealth v. Connolly*, 217 Pa. Superior Ct. 201, 269 A. 2d 390 (1970). However, this rule is not applicable to the instant case since an adjudication by a juvenile court is not a "conviction". "The Juvenile Court proceedings are not criminal in nature but constitute merely a civil inquiry or action looking to the treatment, reformation, and rehabilitation of the minor child. . . ." *Commonwealth v. Henig*, 200 Pa. Superior Ct. 614, 619, 189 A. 2d 894, 896 (1963). *Holmes' Appeal*, 379 Pa. 599, 109 A. 2d 523 (1954). If a juvenile's situation is such that he should be treated and convicted as a criminal, he may be certified to the criminal courts of the county pursuant to Section 18 of the Juvenile Court Act, Act of June 2, 1933, P. L. 1433, §18, 11 P.S. §260.

In addition, the use of prior adjudications to impeach a witness distorts the whole concept of the Juvenile Court Act. Section 19 of the Act provides that "[t]he disposition of a child or any evidence given in a juvenile court shall not be admissible as evidence against the child in any case or proceeding in any other court." This prohibition against later use of a juvenile record is applicable whether the party whose credibility is challenged is a defendant or a mere witness. Cf. *Commonwealth v. Dreibelbis*, 61 Berks 101 (1969), *rev'd on other grounds*, 217 Pa. Superior Ct. 257, 269

A. 2d 387 (1970) (WRIGHT, P. J., WATKINS and MONT-GOMERY, JJ., would have affirmed on the opinion of the lower court). "Juvenile Court proceedings are normally informal, and many of the important constitutional and statutory guarantees afforded a defendant in a criminal trial do not apply to a juvenile in a hearing before a Juvenile Court. . . . For these reasons, it would be unjust and illegal to allow the introduction of juvenile records or evidence given in juvenile cases to be later introduced as competent evidence in criminal cases or proceedings in any other court, in the same manner as criminal convictions or evidence taken in criminal proceedings may in certain instances be competent evidence in other criminal proceedings." *Commonwealth ex rel. Hendrickson v. Myers,* 393 Pa. 224, 227, 144 A. 2d 367, 369 (1958).

The Commonwealth's case against appellant was almost totally predicated upon the "too perfect" testimony of an informer whose credibility was seriously compromised by his past career as a narcotics seller and user, and later commitment to a mental hospital. Appellant's alibi witnesses gave clear and precise testimony, and the focus of their cross-examination was to throw doubt on their credibility by reference to prejudicial and irrelevant factors. Besides inquiring into their juvenile records, the District Attorney questioned them extensively concerning their own use of drugs and their opinion of the legality and morality of drug use. The determination of appellant's guilt was based solely on the jury's resolution of the credibility of opposing witnesses. In this situation I believe that impeachment of appellant's witnesses by use of their prior juvenile records was fundamental error requiring a new trial.

MONTGOMERY and CERCONE, JJ., join in this dissenting opinion.