**Joe W. WEISS, Appellant,**

v.

**COMMISSION FOR LAWYER DISCIPLINE, Appellee.**

No. 04–96–00549–CV.

Court of Appeals of Texas, San Antonio.

May 20, 1998.

Rehearing Overruled July 31, 1998.

**12**

Curtis L. Cukjati, Cacheaux, Cavazos, Newton, Martin & Cukjati, LLP, San Antonio, for Appellant.

Robert G. Newman, Fulbright & Jaworski, L.L.P., San Antonio, Steven W. Young, General Counsel, Linda Acevedo, Assistant General Counsel, Austin, for Appellee.

Before STONE, DUNCAN and JOHN G. HILL,[1] JJ.

## OPINION

JOHN G. HILL, Justice.

Joe W. Weiss appeals from a judgment disbarring him from the practice of law in the State of Texas. He presents twenty-nine points of error.

We reform the judgment to delete the trial court's finding that Weiss, in knowingly fail-

ing to surrender papers to which his former clients, the Del Castillos, were entitled, to their prejudice, violated Texas Disciplinary Rule of Professional Conduct 1.15(d) and to delete the sanction imposed in connection with this finding. We affirm the judgment as reformed for the reasons set forth in this opinion.

In 1993 Weiss's law firm was representing Roberto Del Castillo and his son with respect to personal injuries they had sustained in an automobile accident and was representing Roberto's wife Carmen for injuries that she had suffered in a separate accident. Upon becoming dissatisfied and angry with Weiss over the representation, Del Castillo filed a grievance against Weiss. Following the filing of Del Castillo's complaint, an investigatory panel of the grievance committee held two hearings in connection with its investigation of the allegations of misconduct. The investigatory panel apparently made some finding of "Just Cause." Weiss declined the panel's offer of resignation in lieu of disbarment and elected to have his disciplinary matter tried "de novo" in district court.

The original petition filed in district court by the Commission for Lawyer Discipline made several allegations concerning Weiss's dealings with Del Castillo and also included an allegation regarding statements that Weiss had made during the Grievance Committee's investigatory hearings. Additional allegations concerning misrepresentations by Weiss were made by the Commission for Lawyer Discipline through the filing of its First Amended Disciplinary Petition, filed in October, 1995.

In January 1996, Weiss filed his Motion To Strike/Plea in Abatement. In that motion, Weiss contended that with respect to charges of knowingly making false statements of material fact and a charge that he had used the threat of criminal prosecution to gain advantage in a civil matter, they had never been the subject of any hearing before the local grievance committee and he had never received a finding of just cause with regard to such a charge by any investigatory panel of the local grievance committee. The trial court denied his plea. The jury trial was

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas.

held a few days after the filing of the motion, but well after the filing of the amended petition.

Weiss contends in points of error numbers one through five that the trial court abused its discretion by denying his Motion and Amended Motion to Strike/Plea in Abatement because the amended claims were never the subject of a separate complaint or inquiry of which he had proper notice, and that the trial court erred in: (1) denying his Motion and Amended Motion to Strike/Plea in Abatement, Motion for Judgment N.O.V. and Motion for New Trial because the judgment violates the Due Process Clause of the United States Constitution, Amendment V (as applicable to Texas through Amendment XIV, sec. 1) and the Texas Constitution; (2) allowing evidence of, and sanctioning him for, conduct not originally set forth in Del Castillo's complaint because that action deprived him of his rights under the Texas Rules of Disciplinary Procedure and the Due Process and Equal Protection clauses of the United States Constitution and the Texas Constitution; (3) denying his Motion for Judgment N.O.V. and Motion For New Trial because his failure to receive a fair hearing before an impartial and unbiased tribunal denied him his due process right to a fair trial; and (4) allowing witnesses, testimony, and other evidence from the disciplinary proceeding at trial because that violated his statutory right to a trial de novo.

Disciplinary proceedings for attorneys are governed by the Texas Rules of Disciplinary Procedure as adopted by the Texas Supreme Court. Under these rules, the State of Texas is geographically divided into disciplinary districts. TEX.R. DISCIPLINARY P. 2.01 (1992), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A–1 (Vernon Supp.1998) (see p. 345 of the 1998 supplement to Vol. 3 of the Government Code). These districts may be divided into subdistricts. *Id.* The Rules provide for district grievance committees to serve in the districts or subdistricts. *Id.*

If the Office of the Chief Disciplinary Counsel receives what it determines is a Complaint, the Respondent is provided a copy of it and given notice to respond, in writing, to the district grievance committee within thirty days after receipt of the notice. TEX.R. DISCIPLINARY P. 2.09 (1994). No more than thirty days after receiving the Respondent's written response to the complaint, the chair of the district grievance committee is to promptly convene an investigatory panel to determine whether there is "Just Cause."

*Id.* at 2.11.

"Just Cause" means such cause as is found to exist upon a reasonable inquiry that would induce a reasonably intelligent and prudent person to believe that an attorney either has committed an act or acts of Professional Misconduct requiring that a Sanction be imposed, or suffers from a Disability that requires either suspension as an attorney licensed to practice law in the State of Texas or probation.

*Id.* at 1.06(P).

Once the investigatory panel finds "Just Cause" and is unable to negotiate a sanction with the Respondent, it so notifies the Complainant and the Respondent. *Id.* at 2.13. The notice includes a statement that further proceedings are to be conducted before an evidentiary panel of a district grievance committee. *Id.* At that point the Respondent may elect to have the complaint heard in a district court of proper venue, with or without a jury, instead of by an evidentiary panel of the district grievance committee. *Id.* at 2.14. In this case, Weiss elected to have the complaint heard in district court before a jury.

"Complaint" is defined by the Rules as "those written matters received by the Office of the Chief Disciplinary Counsel that, either on the face thereof or upon screening or preliminary investigation, allege Professional Misconduct or attorney Disability, or both, cognizable under these rules or the Texas Disciplinary Rules of Professional Conduct." *Id.* at 1.06(F).

The petition in district court is to be brought by the Commission for Lawyer Discipline, a committee of the State Bar of Texas. *See id.* at 3.01(A). The petition is to include, among other things, "[a] description of the acts and conduct that gave rise to the

alleged Professional Misconduct in detail sufficient to give fair notice to Respondent of the claims made, which factual allegations may be grouped in one or more counts." *Id.* at 3.01(D).

■ As previously noted, the Rules provide that it "is the Complaint" that is heard in the trial at district court. *See id.* at 2.14. We also take note of the fact that the Rules define "Complaint" to include not only that which appears on the face of the written matters received by the Office of Chief Disciplinary Counsel, but also that which arises upon screening or preliminary investigation of the written matters received. *Id.* at 1.06(F). We conclude that the allegations in the petition of the Commission for Lawyer Discipline may include both allegations that are a part of the original complaint as well as those that appear during the preliminary investigation of those matters. We note that one Court of Appeals has held that in such a suit the Commission for Lawyer Discipline may bring as many claims in the district court proceeding as it might have against the attorney. *See Diaz v. Commission for Lawyer Discipline,* 953 S.W.2d 435, 437 (Tex. App.—Austin 1997, no writ). We believe, however, that the allegations that the Commission may bring in district court are limited in the manner as described here. In any event, all of the complaints brought by the Commission for Lawyer Discipline in this case were either part of the original complaint or appeared during the preliminary investigation of that complaint.

■ Weiss complains that before an allegation may appear in the Commission's petition in district court, the district grievance committee's investigatory panel must first make a determination of just cause with respect to that allegation, after the attorney has received a hearing with respect to that allegation. Weiss's due process rights were not affected by any failure to hold such a hearing because the proceedings before the grievance committee have no finality. *See Minnick v. State Bar of Texas,* 790 S.W.2d 87, 90 (Tex.App.—Austin 1990, writ denied). Even if a finding of just cause were necessary as Weiss contends, in this case, although Weiss complains there was no such finding

by the investigatory panel, he gives us no record reference in support of his statement. We are of the opinion that the panel's findings are not included in the record before us for review. Consequently, Weiss has failed to preserve error as to any contention that the investigatory panel did not make a just cause finding with respect to any allegation in the Commission's petition in district court.

■ Conversely, Weiss urges that it would violate his due process rights to allow the grievance committee before which he appeared to be the grievance committee to make a "just cause" determination as to whether he lied to the committee. We have found no record that Weiss made any objection to such a procedure at trial. Consequently we hold that Weiss has waived this contention. *See* Tex.R.App. P. 33.1.

■ An attorney in a disciplinary proceeding is entitled to procedural due process, which includes fair notice of the charge. *In re Ruffalo,* 390 U.S. 544, 551–52, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968). In this case Weiss had notice of the charges several months prior to trial. We therefore conclude that he was accorded fair notice of the charges made against him and was accorded procedural due process.

Weiss contends that the trial before an impartial jury several months after he received notice of the charges did not afford him due process. In support of this contention he relies on the case of *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). We find that case to be distinguishable. In *Fuentes,*the Court held that certain state prejudgment replevin provisions worked a deprivation of property without due process because they were denied the right to a prior opportunity to be heard before chattels were taken from their possessor. *Id.* at 96, 92 S.Ct. 1983. The Court said the fact that the possessor of the property had the right to a hearing after the seizure of property had occurred was not sufficient for due process purposes because it could not undo the fact that an arbitrary taking that was subject to the right of procedural due process had already occurred. *Id.* at 96–97, 92 S.Ct. 1983. In this case, Weiss

was given notice of the basis for disbarment well before his disciplinary trial, not after.

Weiss relies upon a number of cases from other jurisdictions to the effect that charges lodged against an attorney after the initiation of disciplinary proceedings may not be considered in that same proceeding. These include *Matter of Levine,* 174 Ariz. 146, 847 P.2d 1093, 1116–17 (1993); *Matter of Myers,* 164 Ariz. 558, 795 P.2d 201, 204–05 (1990); *Matter of Ackel,* 155 Ariz. 34, 745 P.2d 92, 96 (1987), *overruled, In re Jett,* 180 Ariz. 103, 882 P.2d 414 (1994); *Statewide Grievance Comm. v. Botwick,* 226 Conn. 299, 627 A.2d 901, 906–07 (1993); *Committee of Prof'l Ethics and Conduct of the Iowa State Bar Ass'n v. Wenger,* 454 N.W.2d 367, 369 (Iowa 1990); *Attorney Grievance Comm'n of Maryland v. Parsons,* 310 Md. 132, 527 A.2d 325, 328–29 (1987); and *Committee of Legal Ethics of the West Virginia State Bar v. Scherr,* 149 W.Va. 721, 143 S.E.2d 141, 146 (1965). We find all of these cases to be distinguishable because in each one any amendments adding additional charges were made during the proceeding that resulted in attorney discipline rather than several months before as occurred in this case.

■ Weiss states that the panel members on the investigatory panel were not competent to act as judges on the charges that he lied because they were witnesses to the alleged event. Even if that be so, it was the jury and trial judge who acted as judges on these charges. If the panel did anything with respect to those charges, it would have been to find that there was just cause that he had lied to them. The record before us contains neither a showing that the grievance committee made a just cause finding concerning the misrepresentations Weiss made to it, nor that Weiss made any objection to its having done so. Consequently, we hold that Weiss failed to preserve any error on this ground. *See* TEX.R.APP. P. 33.1.

■ Although Weiss claims a violation of his right to equal protection, he fails to show how he is treated any differently from any other attorney. What he complains of is the potential discretion to bring charges that arise during the course of the disciplinary proceedings, as opposed to those charges that are part of the original complaint. This potential discretion exists equally as to every attorney. Weiss presents us with no authority that this constitutes a violation of his right to equal protection under the United States or Texas Constitution, and we are not aware of any. We hold that such discretion does not violate his right to equal protection under either constitution.

Weiss complains that he was not afforded a true trial de novo. If this be so, it is because the statute itself does not really provide for a true trial de novo because at the trial de novo outlined in the Texas Rules for Disciplinary Procedure, the issue is whether the attorney by acts or conduct violated the Disciplinary Rules of Professional Conduct, *see* TEX.R. DISCIPLINARY P. 3.01(E), an issue that has not previously been determined in the disciplinary procedure. As we have previously noted, the investigatory committee does not make such a finding. It merely determines "Just Cause," whether a reasonably intelligent and prudent person would believe that the attorney has so conducted himself or herself. *See id.* at 2.11. As usually thought of, a trial de novo occurs when a trial has already been conducted and the appeal from that trial takes the form of a new trial before a different forum. *See* BLACK'S LAW DICTIONARY 1349 (5th ed.1979). It is unclear why the Supreme Court refers to the district court proceeding as a trial de novo.

■ Weiss complains of the admission of evidence from the evidentiary hearing held before the investigatory committee. So long as it is otherwise admissible under the Texas Rules of Civil Evidence, we know of no reason why such evidence is not admissible. Weiss urges that evidence from the prior proceeding is not admissible at a trial de novo, but he presents no authority to that effect and we are not aware of any. We overrule points of error numbers one through five.

■ Weiss urges in points of error numbers six and seven that there is no evidence, or alternatively, insufficient evidence, to support the jury's answer to Question 1. The jury found in answer to that question that

Weiss, in his handling of the Del Castillos' cases, knowingly failed to surrender papers to which the Del Castillos were entitled and that his failure prejudiced the Del Castillos. Weiss urges that because of the lack of evidence, the trial court erred in rendering judgment for the Commission, in denying his motion for judgment n.o.v. and motion for new trial, and in finding that he violated Rule 1.15(d) of the Texas Disciplinary Rules of Professional Conduct.

In considering and determining legal sufficiency or no evidence points of error, we must consider only the evidence, and the inferences therefrom, that tend to support the jury's findings, disregarding all evidence and inferences to the contrary. *See Havner v. E–Z Mart Stores, Inc.,* 825 S.W.2d 456, 458 (Tex.1992). If there exists any evidence to support the finding, the point will be overruled and the finding upheld. *See Southern States Transp., Inc. v. State,* 774 S.W.2d 639, 640 (Tex.1989).

Frank Montalvo testified that he was a member of the grievance committee that considered Del Castillo's grievance. Montalvo indicated that Del Castillo had a complaint about Mr. Weiss's failure to return his file, but that by the time of the hearing the issue appeared to have been resolved. He indicated that Weiss stated in his response to the committee that he furnished Del Castillo with copies of his and his son's file. He said that he had furnished him with copies on May 10, 1993, and was furnishing him with copies again.

Joe Weiss testified that the Del Castillos asked for their files back. He acknowledged that on May 7, 1993, he wrote the Del Castillos a letter in which he stated that he was enclosing copies of all three of their files, and that he gave them the letter on May 10, 1993. He further stated that he did not return to them copies of a couple of photographs that were taken of their automobile following Mrs. Del Castillo's accident in January 1993. He said that in part the reason he did not return the photographs to them was because they had indicated to him that they did not wish to pay him for his services.

While the evidence is undisputed that Weiss did not return the entire file to the Del Castillos, there is no evidence that his failure prejudiced the Del Castillos. Consequently, there is no evidence to support the jury's finding that Weiss, in his handling of the Del Castillos' cases, knowingly failed to surrender papers to which the Del Castillos were entitled and that his failure prejudiced the Del Castillos. We sustain points of error numbers six and seven.

Weiss urges in point of error number eight that the trial court erred in rendering judgment for the Commission and in denying his Motion for Judgment N.O.V. and Motion for New Trial because there is no evidence, or, alternatively, factually insufficient evidence, to support the jury's affirmative answers to questions numbers 2, 3, and 4. In point of error number nine he suggests that the trial court erred in finding that the jury's answers to those questions support a finding of a violation of rule 8.04(a)(3) of the Texas Disciplinary Rules of Professional Conduct because there is no evidence, or, alternatively, factually insufficient evidence, to support the court's findings and sanctions.

In response to questions, the jury found that Weiss signed Mr. Del Castillo's name to insurance forms without his permission or authority and that this action by Weiss was a knowing misrepresentation. The jury failed to find that Del Castillo orally authorized Weiss to act as his attorney in obtaining his PIP insurance monies. As a result of the jury's negative answer to that question, the jury did not answer a question that asked if Weiss failed to explain a matter to the extent reasonably necessary to permit Del Castillo to make informed decisions regarding Weiss's representation of him.

We will first consider Weiss's claim that the evidence is legally insufficient to support the jury's finding that he signed Mr. Del Castillo's name to insurance forms without his permission or authority and that this action by Weiss was a knowing misrepresentation. Weiss testified that he recalled stating to the Grievance Committee that he had authority to sign Mr. Del Castillo's name based upon his written contract of employment with him. From the context of all of the questions, it appears that this testimony

related to his right to sign the PIP forms. He further testified that as of May 10, prior to his signing the forms, he no longer represented Mr. Del Castillo. He also said that he did not believe that he ever told the Grievance Committee that Mr. Del Castillo orally hired him to get his PIP monies. Finally, he acknowledged having a heated argument with Mr. Del Castillo on the morning of May 10 and that he signed the forms that afternoon. We find that the evidence is sufficient to support the jury's finding that Weiss signed the forms without Mr. Del Castillo's permission or authority and that his action was a knowing misrepresentation.

 We will now consider Weiss's contention that the evidence is factually insufficient to support this jury finding. In reviewing a factual sufficiency point, we must weigh all of the evidence in the record. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex.1996). "Findings may be overturned only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust." *Id.* Weiss testified that at the time of his argument with Mr. Del Castillo he told Mr. Del Castillo that he could get his PIP monies and that Mr. Del Castillo said to get them for him. Weiss said he did not apply for the PIP monies as a favor but just to try to cool down the situation. He introduced correspondence showing that he had asked the insurance company to pay the benefits directly to Mr. Del Castillo without any attorney's fee and that a letter from him to Mr. Del Castillo explaining what he had done was marked "Refused" by the post office and returned to him. Mr. Del Castillo did not testify. Considering the evidence as a whole, we hold that the evidence is factually sufficient to support the jury's finding.

With respect to the jury's failure to find that Mr. Del Castillo orally authorized Weiss to act as his attorney in obtaining his PIP insurance monies, we hold that the evidence did not conclusively demonstrate that Mr. Del Castillo orally made such an authorization and that such a finding is not against the great weight and preponderance of the evidence.

Weiss's contention that the evidence is insufficient is based upon the supposition that

the jury is required to believe his testimony concerning the oral contract. However, under all of the testimony, including the testimony regarding Weiss's inconsistent testimony as to this point before the grievance committee, the jury was not required to accept Weiss's version of the events.

Based upon the jury findings, the trial court found that Weiss's conduct in this regard constituted a violation of Texas Disciplinary Rule of Professional Conduct 8.04(a)(3). This rule provides that a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation. Texas Disciplinary Rule of Professional Conduct 8.04(a)(3), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (Vernon Supp. 1998). We conclude that the judge's finding is based upon both legally and factually sufficient evidence. We overrule points of error numbers eight and nine.

Weiss argues in point of error number ten that the trial court erred in rendering judgment for the Commission and in denying his Motion for Judgment N.O.V. and Motion for New Trial because there is no evidence, or, alternatively, factually insufficient evidence, to support the jury's affirmative finding that he threatened Mr. Del Castillo with criminal prosecution solely to gain an advantage over Mr. Del Castillo in a civil matter. In point of error number eleven, he asserts that the trial court erred in finding, based upon the jury's finding the threat of criminal prosecution by Weiss, that Weiss violated Rule 4.04(b)(1) of the Texas Disciplinary Rules of Professional Conduct because the rule does not apply as a matter of law and there is no evidence, or factually insufficient evidence, to support the finding.

 We will first consider Weiss's argument that there is no evidence to support the jury's finding that he threatened Mr. Del Castillo with criminal prosecution solely to gain an advantage over Mr. Del Castillo in a civil matter.

At trial, the jury listened to a tape-recorded conversation between Weiss and Mr. Del Castillo, in which the two discussed the fees Weiss claimed Mr. Del Castillo owed him:

WEISS: I'd like to know if you and I as gentlemen can agree on something regarding the interest I have in your case.

DEL CASTILLO: Well depending.

WEISS: Why don't you tell me what you are willing to pay me. I don't want to go to the District Attorney's office. I have sworn affidavits of the people you've been questioning and talking to. There is an antistalking law in Texas. I don't know how ugly you want to get with me, but you are going about this the wrong way, Mr. Del Castillo. If you want me to press criminal charges against you, I can do that right now. . . . I wish you would just sit down with me, agree to pay me something, and you can go your way and I'll go my way. But if you want to make trouble for me, I can assure you that you're violating the law, and you can be put in jail for what you are doing. I have sworn affidavits against you.

DEL CASTILLO: Well, that's your privilege. Now, if you'll tell me—if you'll tell me how much you think you've done.

WEISS: I will accept—I will accept 25 percent of the fee. I will reduce my fee down. You go about your business. You pay me 25 percent—

DEL CASTILLO: Wait a minute. You're just saying 25 percent of what?

WEISS: Of the end result you get. No. No. No. No. If you—I'm entitled to the full interest. You fired me for no good cause. You can call up any lawyer you want.

DEL CASTILLO: No one wants to work with you, Joe, no one.

WEISS: I don't care what you say, Mr. Del Castillo.

DEL CASTILLO: I've talked to a lot of attorneys. They don't want to work with you.

WEISS: Do you want me to file criminal charges against you?

DEL CASTILLO: Go right ahead. That's your privilege.

WEISS: Or do you want to settle this as gentlemen?

DEL CASTILLO: That's your privilege.

WEISS: What do you want to offer me, sir?

DEL CASTILLO: You tell me how much—

WEISS: No. What percentage do you want to offer me?

DEL CASTILLO: No, I'm not offering you a percentage. I'm just saying—

WEISS: Fine. Then I suggest you get yourself a criminal defense lawyer if you want to stalk me.

Weiss testified at length before the grievance committee that Mr. Del Castillo had been stalking him. However, when the grievance committee questioned Weiss concerning details of the alleged stalking, he said that he had no response. We hold that the evidence is legally sufficient to support the jury's finding that Weiss threatened Mr. Del Castillo with criminal prosecution solely to gain an advantage over Mr. Del Castillo in a civil matter.

We now consider Weiss's contention that the evidence is factually insufficient to support this finding. Weiss testified that he was not threatening Mr. Del Castillo for the purpose of collecting his fees, but to get him to stop stalking him. He said that Mr. Del Castillo had told him that he was following him, that he was watching him, that he knew where Weiss lived, knew about his wife, and knew about his children. He also indicated that Mr. Del Castillo said that he was going to get him where it hurts and that he was going to make his life miserable. Weiss testified that he felt that these were stalking actions designed to intimidate him. He said that because he had filed his lien he did not need to threaten Mr. Del Castillo in order to collect his fees. Considering all of the evidence, we hold that the evidence is factually sufficient to support the findings of the jury and the judgment relying on those findings.

Weiss argues that the evidence is insufficient to show that he threatened Mr. Del Castillo solely for the purpose of gaining advantage over him in a civil matter because of his testimony that he threatened Mr. Del Castillo because Del Castillo was stalking him. However, given all of the evidence as we have outlined it, a reasonable jury could have chosen not to believe Weiss and determined that he threatened Mr. Del Castillo with criminal prosecution solely to assist him in obtaining his fee.

Weiss suggests that Rule 4.04(b)(1) does not apply because it can only occur where a lawyer is acting as an advocate on behalf of a client and involved in dealings or communications with a third party or non-client. That section provides that a lawyer shall not present, participate in presenting, or threaten to present criminal or disciplinary charges solely to gain an advantage in a civil matter. At the time Weiss made the statements threatening Mr. Del Castillo with criminal prosecution, he was acting as an advocate for himself, and Mr. Del Castillo was no longer his client. We overrule points of error numbers ten and eleven.

Weiss urges in points of error numbers twelve and thirteen that the trial court erred in rendering judgment for the Commission and in denying his Motion for Judgment N.O.V. and his Motion for New Trial because there is no evidence, or, alternatively, factually insufficient evidence, to support the jury's affirmative answer to Question 6 and that the trial court erred in finding that, based upon the jury's answer to Question 6, Weiss violated rules 3.03(a)(1) and 8.01(a) of the Texas Disciplinary Rules of Professional Conduct because there is no evidence, or, alternatively, factually sufficient evidence to support these findings.

The jury in Question 6 found that Weiss knowingly made a false statement of material fact to a tribunal in a disciplinary matter by his testimony in front of or his written response to the grievance committee regarding: (1) his telephone conversation with Mr. Del Castillo on or about May 24, 1993; (2) that page C–4 of Mr. Del Castillo's complaint was incorrect; (3) regarding the extent, scope and nature of Prof. Vincent

Johnson's review of Joe Weiss's television commercials; and (4) regarding the source of his authority to sign Mr. Del Castillo's name to the insurance forms.

The grievance committee asked Weiss if he had threatened Mr. Del Castillo with criminal prosecution and he answered that he had not:

QUESTION: You didn't threaten him with criminal prosecution, sir?

WEISS: Absolutely not.

QUESTION: Not at all?

WEISS: No, sir.

QUESTION: Never?

WEISS: We had discussions over why will you not release your lien, Mr. Weiss, why do you maintain a lien in this case; and my answer was because we've done this work for you. We spent time, money, and effort and that's why we have a lien on the case.

QUESTION: Mr. Weiss, let me do a professional courtesy to you. Do you understand that you're under oath right now?

WEISS: Yes, sir, I do.

Although Weiss now contends that he threatened Mr. Del Castillo only to keep him from stalking him, that was not his testimony before the committee. Further, as we discussed in connection with the last point of error, it would be reasonable under the evidence for the fact finder to determine that Weiss did threaten Mr. Del Castillo for the sole purpose of obtaining payment of his fee.

Page C–4 of Mr. Del Castillo's complaint contained Mr. Del Castillo's recollection of his May 24, 1993, telephone conversation he had with Weiss. Weiss responded to the committee that Mr. Del Castillo's statements on page C–4 of his complaint regarding the May 24 telephone conversation were not correct. Weiss never related to the committee the fact that the only thing not correct about Mr. Del Castillo's statements were that they were not an exact transcription of the conversation.

■ Weiss represented to the grievance committee that all of the language in his television ads had been carefully reviewed and approved in writing by an ethics professor. He told the committee that he took the time, money, and effort to screen every aspect through a reported expert. In fact, the testimony reflects, the professor had never seen a script or a copy of any of the ads prior to their running. Weiss admits that he never told the committee that the professor had actually reviewed only the disclaimer language running at the bottom of the screen of the commercials.

■ Weiss told the grievance committee that he had a written contract of employment that authorized him to represent Mr. Del Castillo on his PIP claim, and that he believed it authorized him to sign Mr. Del Castillo's name. In fact, at the time Weiss signed the PIP forms his employment contract was no longer valid. Weiss never told the grievance committee of his contention that he had been orally rehired during a heated argument with Mr. Del Castillo.

We hold that the evidence is both legally and factually sufficient to support the jury's answers to all sections of Question 6. Consequently, we also hold that the evidence is both legally and factually sufficient to support the trial court's findings that Weiss violated rules 3.03(a)(1) and 8.01(a) of the Texas Disciplinary Rules of Professional Conduct.

■ Weiss contends that there is no evidence that his misrepresentations were made knowingly. We hold that the evidence as stated is sufficient evidence to support the jury's conclusion that the misrepresentations were made knowingly because the evidence shows that Weiss knew what the true facts were.

■ Weiss contends that the trial court erred by holding that these misrepresentations constituted a violation of Rule 3.03(a)(1) of the Texas Disciplinary Rules of Professional Conduct. Rule 3.03(a)(1) provides that a lawyer shall not knowingly make a false statement of material fact or law to a tribunal. His contention appears to be that this rule of conduct does not apply to an attorney who is a party to a proceeding as opposed to an attorney who is representing a client. He relies upon the fact that this provision is contained in a section entitled "advocate" and that the comments concerning this section make reference only to situations involving an attorney representing a client before a tribunal.

We think that a more reasonable interpretation is that the section was placed in the advocate section and that the comments relate to situations involving clients because the section comes into play most often when the attorney is representing another. We do not agree with Weiss's conclusion that the section was not intended to bar an attorney from making false statements of fact or law to a tribunal when they are before the tribunal as a party, at least in a case such as this where his appearance as a party is due to his status as an attorney.

Weiss relies upon the cases of *Jackson v. State*, 21 Tex. 668 (1858); *Turcotte v. Trevino*, 544 S.W.2d 463 (Tex.Civ.App.—Corpus Christi 1976), *rev'd on other grounds*, 564 S.W.2d 682 (Tex.1978); and *Lotto v. State*, 208 S.W. 563 (Tex.Civ.App.—San Antonio 1919, no writ). We have examined all of these cases and find that none involves a misrepresentation to any tribunal in any capacity, much less one made in the capacity of an attorney subject to a disciplinary proceeding. We overrule points of error numbers twelve and thirteen.

Weiss insists in points of error numbers fourteen and fifteen that the trial court erred in rendering judgment for the Commission and denying his Motion for Judgment N.O.V. and Motion for New Trial, because there is no evidence, or, alternatively, factually insufficient evidence, to support the jury's affirmative answer to Question 7, and that the trial court erred in finding, based upon that answer, that he violated Rule 8.01 of the Texas Disciplinary Rules of Professional Conduct.

■ The jury, in answer to Question 7, found that Weiss failed to correct a misapprehension known by him to have been created by his testimony in front of or in his written response to the grievance committee

regarding his telephone conversation with Mr. Del Castillo on or about May 24, 1993, that page C–4 of Mr. Del Castillo's complaint was incorrect; regarding the extent, scope and nature of Prof. Vincent Johnson's review of Weiss's television commercials; and regarding the source of his authority to sign Mr. Del Castillo's name to the insurance forms.

We hold that the evidence, as previously set forth, is legally and factually sufficient to support the jury's answer to Question 7. Weiss points out that the jury was not asked whether he "knowingly" failed to correct a misapprehension. Weiss does not direct us to anywhere in the record where he objected to Question 7 on the basis that it did not inquire as to whether he "knowingly" failed to correct a misapprehension. Weiss waived any error by failing to object to this omission. *See Hruska v. First State Bank of Deanville,* 747 S.W.2d 783, 785 (Tex.1988). Consequently, if supported by the evidence, we must presume that the trial court, in finding that Weiss violated Rule 8.01(b) of the Texas Disciplinary Rules of Professional Conduct, found that Weiss did so knowingly. *See* Tex.R. Civ. Evid. 279. For the same reason as related in our discussion of Question 6, we hold that the evidence is sufficient to support such an implied finding of the trial court.

■ Weiss refers to the lack of any issue submitted to the jury inquiring as to whether any of his misrepresentations were "material." We hold that Weiss's misrepresentations in this case were material as a matter of law. Consequently, there was no error in failing to submit the issue to the jury. *See Medina v. Lanabi, Inc.,* 855 S.W.2d 161, 165 (Tex.App.—Houston [14th Dist.] 1993, writ denied).

■ Weiss complains of the fact that the judge found disbarment as a sanction for several different disciplinary rule violations, some of which he insists arose out of the same conduct on his part. He refers to it as a capricious stacking of sanctions. Weiss can only have a single disbarment. Consequently, if any one of the bases for finding disbarment is valid, the fact that there might be one or more others that is not does not result

in any additional punishment for Weiss. Consequently, we hold that in the sense intended in Rule 81(b)(1) of the former Texas Rules of Appellate Procedure, any such error as proposed by Weiss is not such an error as was reasonably calculated to cause or that probably did cause the rendition of an improper judgment. We overrule points of error numbers fourteen and fifteen.

Weiss urges in points of error numbers sixteen and seventeen that the trial court erred in rendering judgment for the Commission and in denying his Motion for Judgment N.O.V. and Motion for New Trial because there is no evidence, or, alternatively, factually insufficient evidence, to support the jury's affirmative answer to Question 8, and that the trial court erred in finding, based upon the jury's answer to that Question, that Weiss violated Rule 8.04(a)(3) of the Texas Disciplinary Rules of Professional Conduct because there is no evidence, or, alternatively, factually insufficient evidence to support that finding.

The jury found in answer to Question 8 that, with respect to the same matters inquired of in Questions 6 and 7, Weiss engaged in conduct involving dishonesty, fraud, deceit, or knowing misrepresentation through his testimony before or his written response to the grievance committee. Based upon the evidence previously set forth, we hold that the evidence is legally and factually sufficient to support the jury's answer to Question 8. We again decline to adopt Weiss's argument that there is no evidence to support a determination that his conduct was not intentional.

■ Weiss also argues that Rule 8.04(a)(3) should be limited to cases involving situations not addressed by other ethics provisions, that is, to novel forms of deceptive conduct. This is an interesting argument in that Weiss also argues that his conduct does not fall within the other ethics provisions of which the trial court found him to have been in violation. In any event, for the same reason as expressed in connection with the two previous points of error, any error in pursuing Weiss's fraudulent conduct under more than one ethics provision is not such an

error as was reasonably calculated to cause or that probably did cause the rendition of an improper judgment. We overrule points of error numbers sixteen and seventeen.

Weiss urges in point of error number eighteen that the trial court erred by admitting into evidence any and all testimony and evidence pertaining in any way to his alleged lying to the grievance committee, including his own statements to the committee. This point of error appears in substance to be the same as that raised by Weiss in point of error number five. For the same reason as previously stated in connection with that point of error, we overrule point of error number eighteen.

Weiss contends in point of error number nineteen that the trial court erred in admitting into evidence the testimony of Judge Frank Montalvo. His contention appears to be that because Frank Montalvo became "a respected judge in the community" after serving on the grievance committee, the probative value of his testimony would be substantially outweighed by the danger of unfair prejudice.

■ Frank Montalvo was a member of the grievance committee who subsequently became a district judge. Weiss, in his motion in limine prior to trial, asked that Montalvo not be allowed to testify because the main value of the testimony would be to call attention to his status as a district judge. In ruling on Weiss's motion, the trial court allowed the Commission to call Montalvo as a witness so long as he was not referred to as a judge. This trial occurred in Bexar County, a large urban county. There is nothing in the record to show that any of the jurors knew Frank Montalvo or knew of his status as a judge. In the absence of such knowledge on the part of the jurors, there is nothing in the record that would indicate that the probative value of Frank Montalvo's testimony was substantially outweighed by the danger of unfair prejudice. Weiss refers us to the case of *Commonwealth v. Connolly*, 217 Pa.Super. 201, 269 A.2d 390 (1970). In that case the court reversed a criminal defendant's conviction because the defendant was prejudiced when a witness who volunteered objectionable comments concerning the de-

fendant's past record was identified as a district judge of long experience. In this case Frank Montalvo volunteered no objectionable comments and was not identified as a judge. We overrule point of error number nineteen.

Weiss insists in point of error number twenty that the trial court erred by admitting into evidence the videotaped excerpts of Weiss's testimony to the grievance committee. In part his argument is related to the argument previously discussed in points of error numbers five and eighteen. In connection with this point of error, he also contends that the videotapes could not be introduced into evidence without first telling him of their contents, to whom he made the statements that are contained there, when and where, and giving him the opportunity to admit or deny the statements. He relies on Rule 613 of the Texas Rules of Civil Evidence. The portion of the rule upon which Weiss relies, as well as the case upon which he relies, *City of San Antonio v. Higle*, 685 S.W.2d 682, 686 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.), relates to the impeachment of witnesses. The videotapes in this case were not introduced into evidence for the purpose of impeachment but to establish misrepresentations Weiss made to the grievance committee. For this reason and for the reasons previously stated in connection with points of error numbers five and eighteen, we overrule point of error number twenty.

■ Weiss argues in point of error number twenty-one that the trial court erred by admitting into the jury room the videotaped excerpts of his testimony to the grievance committee. He refers to the fact that, as a general rule, a deposition may not be admitted into evidence and taken into the jury room. The videotaped excerpts of Weiss's testimony before the grievance committee were not admitted as a video deposition of a witness, but as original evidence of his conduct before the committee. Consequently, Rule 281 of the Texas Rules of Civil Procedure, which bars the taking of depositions of witnesses to the jury room, has no application to the videotapes of Weiss's testimony before the grievance committee. Weiss refers us to the case of *Harvey v.*

*Culpepper,* 801 S.W.2d 596 (Tex.App.—Corpus Christi 1990, no writ). In that case the court, relying on Rule 281, held that the trial court erred by allowing the jury to retire with certain depositions. *Id.* at 601. As previously noted, Weiss's videotaped testimony before the grievance committee was not a deposition. We note that the court in *Harvey* held that the error was harmless because the depositions presented the jury with no new information and added nothing substantive for the jury to consider. *Id.* Consequently, we hold that even if it were error to allow the jury to retire with the videotapes of Weiss's testimony before the grievance committee, the error was not such an error as was reasonably calculated to cause or that probably did cause the rendition of an improper judgment. *See* TEX.R.APP. P. 44.1(a). We overrule point of error number twenty-one.

■ Weiss submits in point of error number twenty-two that the trial court erred by failing to instruct the jury regarding the proper weight to be given to the videotaped excerpts of his testimony to the grievance committee. Weiss submitted the following proposed jury instruction:

In this case, certain videotapes and an audio tape have been admitted into evidence, all purporting to be accurate reflections of portions of certain meetings and conversations.

In this regard, you are instructed that like all other evidence admitted by the Court, you may or may not consider this recorded testimony as you choose, and in your discretion, you may give it whatever weight you see fit during your deliberations.

The trial court refused Weiss's submission of this instruction. Other than possibly casting doubt on the accuracy of the videotapes, the requested instruction merely instructs the jury to consider them as they would any other evidence. We know of nothing that would require the trial court to single out this evidence as requested by Weiss.

Weiss relies upon the cases of *Steinberger v. Archer County,* 621 S.W.2d 838 (Tex. App.—Fort Worth 1981, no writ) and *Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768, 826

(Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dism'd,* 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988). Neither of these cases contains anything that would suggest that the trial court abused its discretion in refusing to submit Weiss's requested instruction. We overrule point of error number twenty-two.

■ Weiss argues in point of error number twenty-three that the trial court erred in allowing the Commission to interrogate him regarding his trial experience. The trial court granted a motion in limine prohibiting questions concerning Weiss's trial experience. During a discussion outside the presence of the jury, the trial court indicated that it would allow counsel for the Commission to question Weiss concerning his trial experience as impeachment of his testimony concerning the usefulness to the Del Castillos of the photographs that he had not returned to them. Subsequently, counsel for the Commission asked questions concerning Weiss's prior trial experience that did not seem to be related to impeachment of his testimony concerning the usefulness to the Del Castillos of the photographs that he had not returned to them. Inasmuch as the trial court had not previously ruled on the admissibility of the evidence in the context in which it was admitted and Weiss failed to object, nothing is preserved for review. We overrule point of error number twenty-three.

Weiss states in point of error number twenty-four that the trial court erred and abused its discretion when, in assessing sanctions, it focused on improper factors, and failed to consider other mandatory factors.

In determining the appropriate sanction for attorney misconduct, a trial court must consider the nature and degree of the professional misconduct, the seriousness of and circumstances surrounding the misconduct, the loss or damage to clients, the damage to the profession, the assurance that those who seek legal services in the future will be insulated from the type of misconduct found, the profit to the attorney, the avoidance of repetition, the deterrent effect on others, the maintenance of respect for the legal profession, the trial of

the case, and other relevant evidence concerning the attorney's personal and professional background.

*State Bar of Texas v. Kilpatrick,* 874 S.W.2d 656, 659 (Tex.1994), *cert. denied,* 512 U.S. 1236, 114 S.Ct. 2740, 129 L.Ed.2d 860 (1994), *citing* TEX.R. DISCIPLINARY P. 3.10 (1992). Rule 3.10 also includes "the conduct of the Respondent during the course of the Committee action" as a factor that the court shall consider in imposing a sanction. *See* TEX.R. DISCIPLINARY P. 3.10.

The record does not reflect that in assessing sanctions the trial court focused on improper factors or failed to consider mandatory factors.

In a judgment conference following the jury's findings, the trial court indicated that it was going to assess the sanction of disbarment for Weiss's misrepresentations to the grievance committee, indicating that he considered that offense more serious than the other charges found by the jury. We do not consider the court's comments as indicating that it did not consider the factors set forth above. Indeed, one of the things that makes these charges more serious is their impact with respect to consideration of those factors.

Weiss also refers to the judge's comments in reminding Weiss that he was engaged in the practice of law, not running a business, and bemoaning the effect of legal advertising upon the legal profession. We do not consider any of the judge's statements with respect to those matters as indicating that the Court was taking them into account in determining the sanction. We overrule point of error number twenty-four.

■ Weiss argues in point of error number twenty-five that the trial court "erred to properly assess sanctions for each separate act of misconduct found." The trial court made a separate sanction finding as to each act of misconduct found by the jury. With respect to several of those findings the court assessed a sanction less than disbarment. With respect to all of the findings that related to any kind of misrepresentation to the grievance committee, the court assessed the sanction at disbarment. We are unclear as to the general gist of Weiss's complaint in

this point of error. As best we can understand it, it repeats the allegation previously addressed that the trial court did not properly consider the appropriate factors required to be considered in assessing punishment. It appears to assume that because the trial court assessed the sanction of disbarment for all of the misconduct related to misrepresentations to the grievance committee that it did not follow the required factors. There is nothing before us that would warrant such a conclusion. Weiss refers to the fact that the judge stated that he was going to make separate findings as to each finding of misconduct rather than a general finding of disbarment in order that the case would not have to be retried in the event there was a problem as to one of the misconduct findings but not the other. There is no error in the trial court making its ruling in this way or in stating its intent to do so. We overrule point of error number twenty-five.

■ Weiss contends in point of error number twenty-six that the trial court erred in failing to make findings of fact and conclusions of law as he had requested. Rule 296 of the Texas Rules of Civil Procedure is the rule that provides for requests for findings of fact and conclusions of law. By its terms it is only applicable in a case tried without a jury. TEX.R. CIV. P. 296. As previously noted, this was a jury trial. The only finding that the trial court was required to make was the appropriate sanction for the misconduct found by the jury. We have also noted that the trial court made such a finding with respect to each separate act of misconduct found by the jury. Weiss relies on the cases of *Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989); *Goggins v. Leo,* 849 S.W.2d 373, 379 (Tex.App.—Houston [14th Dist.] 1993, no writ); and *Randall v. Jennings,* 788 S.W.2d 931, 932 (Tex.App.— Houston [14th Dist.] 1990, no writ). These cases are all distinguishable because they each involve cases tried without a jury. We overrule point of error number twenty-six.

■ Weiss urges in point of error number twenty-seven that the trial court's order of disbarment is so severe as to constitute an abuse of discretion. This court has previously held that an order of disbarment based

upon a total failure to respond to the grievance committee in four separate cases and the adoption of an attitude of being above the disciplinary process does not constitute abuse of discretion. *See Rangel v. State Bar of Texas,* 898 S.W.2d 1, 4 (Tex.App.—San Antonio 1995, no writ). We conclude that the trial court did not abuse its discretion in entering the sanction of disbarment for Weiss's misrepresentations to the grievance committee. If disbarment is appropriate for one who totally ignores the committee, it is certainly appropriate for one who responds and makes misrepresentations to that committee. We overrule point of error number twenty-seven.

Finally, Weiss contends in points of error numbers twenty-eight and twenty-nine that the trial court erred by refusing to stay its judgment or, alternatively, to allow him to supersede the judgment, and that refusal to stay the judgment violates the Due Process Clause of the United States Constitution and Art. I, secs. 13 and 19 of the Texas Constitution. Rule 3.14 of the Texas Rules of Disciplinary Procedure provides that a district court judgment of disbarment cannot be superseded or stayed.

■ In addressing Weiss's substantive due process contention, we must "balance the gain to the public welfare resulting from the legislation against the severity of its effect on personal and property rights." *Pedraza v. Tibbs,* 826 S.W.2d 695, 697 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.). The legal profession must of necessity be composed of individuals with integrity. The effect on Weiss's right to practice his profession during the pendency of this appeal is great; however, he testified at the sanctions hearing that his disbarment would not cause any economic hardship either to him or to his family. The benefit to the public of not being exposed to the practice of law by one whose integrity has been called into question based upon misrepresentations to the grievance committee is also great. On balance, considering the two, we feel that the gain to the public by not allowing a supersedeas or stay of a disbarment outweighs the effect upon the individual attorney involved. Therefore, we find that Rule 3.14 of the Texas Rules of Disciplinary Procedure does not violate Weiss's right to due process under either the United States or Texas Constitution.

■ While not presenting a point of error concerning the matter, Weiss also argues that the Rule violates his right to equal protection, presumably under the United States and Texas Constitutions, because non-lawyers can suspend or stay their judgments and lawyers cannot. Legislation that does not classify on suspect categories, such as race, is valid so long as the distinction is rationally related to a legitimate state interest. *See City of Cleburne, Tex. v. Cleburne Living Center,* 473 U.S. 432, 439–40, 105 S.Ct. 3249 (1985); *Texas Boll Weevil Eradication Found., Inc. v. Lewellen,* 952 S.W.2d 454, 464 (Tex.1997). The importance of the legal profession in our system of government and, therefore, the importance of maintaining integrity within the profession, constitutes a legitimate state interest with distinctions between that profession and other professions with respect to staying or superseding judgments of disbarment from the profession. We overrule points of error numbers twenty-eight and twenty-nine.

We reform the judgment to delete the trial court's finding that Weiss, in knowingly failing to surrender papers to which the Del Castillos were entitled, to their prejudice, violated Texas Disciplinary Rule of Professional Conduct 1.15(d) and to delete the sanction imposed in connection with this finding. We affirm the judgment as reformed.