NUMBER 13-04-682-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

COLIN KELLY KAUFMAN,                                          Appellant,

 

                                           v.

 

COMMISSION
FOR LAWYER DISCIPLINE,                      Appellee.

 

 

 

                  On appeal from the 214th
District Court

                           of Nueces
County, Texas.

 

 

 

                              O P I N I O N[1]

 

                     Before Justices Hinojosa, Yañez and
Castillo

                                  Opinion by Justice Castillo

 








After a jury found
professional misconduct, the trial court entered a judgment of disbarment.  By eight issues,[2]
Colin K. Kaufman appeals the judgment and seeks a reversal.  We affirm.

I.  BACKGROUND








In 1992, Kaufman was
appointed as trustee for Charles B. Feldman d/b/a Charles Feldman Investments
(CFI) under a bankruptcy plan of reorganization.  In that capacity, he was responsible for
collecting and distributing to creditors approximately $354,000.00 from the
ongoing business of CFI.  Although the
monies were deposited into Kaufman's IOLTA trust account, evidence was
presented to the jury  demonstrating that
Kaufman paid most of the monies (at least $278,000.00) to himself for legal
fees and expenses.  Additional evidence
disclosed that no periodic payments contemplated under the plan of
reorganization were ever made; the only other payments Kaufman made were for
additional expenses and to other professionals.

On December 23, 2002,
the Commission for Lawyer Discipline filed a disciplinary petition against Kaufman
pursuant to the State Bar Act,[3]
complaining that Kaufman's acts and omissions constituted professional
misconduct in violation of the Texas Rules of Disciplinary Conduct.[4]  The jury found Kaufman failed to (1) hold
client funds separate from his own, (2) render a full accounting of funds, and
(3) deliver the funds to the persons entitled to receive the funds.  The jury also found that Kaufman had charged
or collected an unconscionable fee and engaged in conduct involving dishonesty,
deceit or misrepresentation in connection with the Feldman bankruptcy
estate.  The trial court found Kaufman in
violation of the Texas rules of disciplinary conduct[5]
and ordered his immediate disbarment as well as restitution, attorney fees,
expenses and court costs in favor of the Commission.  Kaufman appeals the judgment of disbarment.

II.  JURISDICTION 








By his fourth issue,
Kaufman asserts that the trial court lacked jurisdiction because of an earlier
decision by the federal court on the same issues.  He maintains that the federal court decision
exonerated him and res judicata precludes relitigation of the issues in State
court.  

Res judicata, also
known as claim preclusion, prevents the re-litigation of a  finally adjudicated claim and related matters
that should have been litigated in a prior suit.  State and County Mut. Fire Ins. Co. v.
Miller, 52 S.W.3d 693, 696 (Tex. 2001). The doctrine also precludes claims
or defenses that, through diligence, should have been litigated in the prior
suit but were not.  See Ingersoll‑Rand
Co. v. Valero Energy Corp., 997 S.W.2d 203, 206-07 (Tex. 1999).








The Texas rules of
professional conduct provide that each attorney admitted to practice in the
Texas State courts is subject to the disciplinary jurisdiction of the Texas
Supreme Court and the Commission for Lawyer Discipline, a committee of the
State Bar.  Tex. Gov't Code Ann. _ 81.071 (Vernon 2005);
see Belt v. Comm'n for Lawyer Discipline, 970 S.W.2d 571, 574 (Tex. App.BDallas 1997, no
pet.).  An attorney disciplinary petition
may be filed and heard in a district court with or without a jury,[6]
and a final judgment of disbarment by the district court may be appealed as in
civil cases generally.[7]  Tex.
R. Disciplinary Proc. _ 3.16.  Attorney disciplinary proceedings are among
those judicial proceedings invested with sufficiently important State interest
to warrant a federal court to abstain from exercising jurisdiction to avoid
interference in State judicial proceedings. 
See Tex. Wightiana v. Tex. Supreme Court, 84 F.3d 188, 189-90
(5th Cir. 1996). 

The record
demonstrates that the federal court order addressed allegations of misconduct
affecting Kaufman's federal district court license for the Southern District of
Texas and not his Texas law license.  The
order remanded the case to State court. 
There is nothing in the record evidencing prior disciplinary action in a
State court regarding either the Feldman matter or Kaufman's Texas license to
practice law.  Kaufman's principal place
of business was located in Nueces County. 
We conclude that, consistent with the federal court order, the trial court
below did have jurisdiction over the purely Texas law matter involving Kaufman's
Texas license to practice law.  Res
judicata does not apply.  Miller,
52 S.W.3d at 696; Tex. Gov't Code Ann.
_ 81.071 (Vernon 2005).  We overrule Kaufman's fourth issue.

III.  PRESERVATION OF ERROR

By his first, second,
fifth, sixth, seventh, and eighth issues, respectively, Kaufman maintains that
the trial court erred by (1) granting the prosecutor's motion in limine, (2)
excluding evidence, (3) permitting the prosecutor to take "potshots"
at him, (4) not making allowances for his deteriorated health, (5) not
instructing the jury on applicable law, and (6) disallowing the impeachment of
a witness.  The Commission responds that,
because Kaufman did not preserve error, he is precluded from raising these
issues on appeal.  








Disbarment proceedings
are civil in nature and governed by rules of civil procedure.  McInnis v. Comm'n for Lawyer Discipline,
618 S.W.2d 391, 392 (Tex. Civ. App.BBeaumont, 1981, writ
ref'd n.r.e.).  As a prerequisite to
presenting a complaint for appellate review, Texas Rule of Appellate Procedure
33.1(a) requires the record to show:

(1) the complaint was
made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds
for the ruling that the complaining party sought from the trial court with
sufficient specificity to make the trial court aware of the complaint, unless
the specific grounds were apparent from the context; and(B) complied with the
requirements of the Texas Rules of Civil or Criminal Evidence or the Texas
Rules of Civil or Appellate Procedure; and

(2) the trial
court:(A) ruled on the request, objection, or motion, either expressly or
implicitly; or(B) refused to rule on the request, objection, or motion, and the
complaining party objected to the refusal.

 

Tex.
R. App. P. 33.1(a).  

A.  Exclusion of Evidence

By his first, second,
and fifth issues, Kaufman asserts that the trial court erred in granting the
motion in limine which effectively excluded evidence of his substantive
defenses.  The Commission responds that
Kaufman did not preserve error and has not shown reversible error.  








A motion in limine is
a procedural device that permits a party to identify, prior to trial, certain
evidentiary issues the court may be asked to rule upon.  See Hartford Accident & Indem. Co. v.
McCardell, 369 S.W.2d 331, 335 (Tex. 1963); Fort Worth Hotel Ltd. P'ship
v. Enserch Corp, 977 S.W.2d 746, 757 (Tex. App.BFort Worth 1998, no
pet.).  The purpose of such a motion is
to prevent opposing parties from asking prejudicial questions and introducing
prejudicial evidence in front of the jury without first seeking leave of
court.  Weidner v. Sanchez, 14
S.W.3d 353, 363 (Tex. App.BHouston [14th Dist.]
2000, no pet.); Enserch Corp., 977 S.W.2d at 757.  The granting of the motion is not a final
ruling on the evidence.  Bifano v.
Young, 665 S.W.2d 536, 541 (Tex. App.BCorpus Christi 1983,
writ ref'd n.r.e.).  A ruling on a motion
in limine preserves nothing for review.  Hartford,
369 S.W.2d at 335 ("In neither case ‑ (1) questions not asked or
evidence not offered, or (2) questions asked or evidence offeredBshould the error of
the trial court in overruling the motion in limine be regarded as harmful or
reversible error."); Caterpillar Tractor Co. v. Boyett, 674 S.W.2d
782, 792 (Tex. App.BCorpus Christi 1984,
no writ) ("A trial court's actions in granting or denying a motion in
limine presents nothing for appellate review.").  A judgment will not be reversed unless the
evidence is in fact offered.  See
Acord v. Gen. Motors Corp., 669 S.W.2d 111, 116 (Tex. 1984); Hartford,
369 S.W.2d at 335.  Thus, to complain on
appeal that the trial court erroneously excluded evidence, Kaufman must have
offered the evidence during trial and obtained an adverse ruling from the trial
court.  Ulogo v. Villanueva, 177
S.W.3d 496, 501 (Tex. App.BHouston [1st Dist.]
2005, no pet.).








Kaufman admits that he
did not proffer evidence in support of his defenses.  He concedes that other evidence that he did
attempt to introduce was (1) admitted without objection, (2) objected to, the
objection was overruled and the evidence admitted, or (3) objected to, the
objection was sustained, and he did not show what the evidence would have been.[8]  Kaufman neither offered the complained-of
evidence during trial nor obtained an adverse ruling from the trial court.  Accordingly, he preserved nothing for
review.  Tex. R. App. P. 33.1(a)(2)(A); Ulogo, 177 S.W.3d at
501.  We overrule Kaufman's first,
second, fifth, and eighth issues.

B.  Deteriorating Health

By his sixth issue,
Kaufman asserts that the trial court did not consider his deteriorating health
during the trial and in assessing punishment. 
He neither presented the complaint to the trial court nor obtained an
adverse ruling.  Accordingly, Kaufman
failed to preserve error.  Tex. R. App. P. 33.1(a)(2)(A).  Even if he had preserved error, he has not
shown reversible error.  Tex. R. App. P. 44.1.[9]  We overrule Kaufman's sixth issue.   








C.  Jury Charge

By his seventh issue
and various sub-issues throughout his brief, Kaufman asserts that the trial
court erred in submitting an erroneous jury charge by, among other things,
excluding the definition of "unconscionability," and "any
federal law."  However, at the time
the jury charges were presented, Kaufman did not raise any objection to the
trial court's charge to the jury. 
Accordingly, he waived error.  Tex. R. App. P. 33.1(a)(1).  We overrule Kaufman's seventh issue.  

D.  Jury Argument

In sub-issues
throughout his brief, Kaufman maintains that the trial court's allowance of
prejudicial argument and "pot shots" made by the State during trial
constitutes reversible error.  Although
Kaufman objected to the closing argument after the case was submitted to the
jury for deliberation, he did not object at the time of the alleged "pot
shots" or during closing argument. 
We conclude that the objection was not timely.  See Tex.
R. App. P. 33.1(a)(1).  Further,
the record does not demonstrate, nor has Kaufman shown either that the error
probably (1) caused the rendition of an improper judgment, or (2) prevented him
from properly presenting the case to this Court.  See Tex.
R. App. P. 44.1.  We overrule
Kaufman's sub-issues regarding prejudicial argument.    

E.  Due Process of Law








Throughout his brief,
Kaufman maintains he was denied due process. 
A party waives the right to raise a constitutional claim such as due
process on appeal if that claim is not presented to the trial court.  State Bar of Tex. v. Leighton, 956 S.W.2d
667, 671 (Tex. App.BSan Antonio 1997, no
pet.); Hernandez v. State Bar of Tex., 812 S.W.2d 75, 78 (Tex. App.BCorpus Christi 1991,
no writ).  Because the constitutional
argument was not presented to the trial court, Kaufman's due process complaint
has not been preserved for appellate review. 
See Tex. R. App. P. 33.1(a); Hernandez,
812 S.W.2d at 78.  We overrule Kaufman's
sub-issues asserting due process deprivations.

IV.  SUFFICIENCY OF THE EVIDENCE 

By his third issue,
Kaufman maintains the evidence is legally and factually insufficient to support
the judgment.  When both legal and
factual sufficiency challenges are raised on appeal, we must first examine the
legal sufficiency of the evidence.  See
Glover v. Tex. Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex. 1981). 

A.  Legal Sufficiency

1.  Standard of Proof

In a disciplinary
action against an attorney, the Commission must prove its allegations by a
preponderance of the evidence.  Tex. R. Disciplinary P. 3.08C,
reprinted in Tex. Gov't Code Ann.,
tit. 2, subtit G app. A-1 (Vernon 2005); see Curtis v. Comm'n for Lawyer
Discipline, 20 S.W.3d 227, 230 (Tex. App.BHouston [14th Dist.] 2000, no pet.).  This is the proper standard of proof for all
issues in a disbarment proceeding.  McGinnis,
at 397. 

 








2. Standard of Review 

We review the legal
sufficiency challenge by viewing the evidence in a light that tends to support
the disputed fact, disregarding all evidence and inference to the
contrary.  Bradford v. Vento, 48
S.W.3d 749, 754 (Tex. 2001).  If there is
more than a scintilla of evidence to support the questioned fact, the "no
evidence" point fails. Formosa Plastics v. Presidio Eng'rs, 960
S.W.2d 41, 48 (Tex. 1998).[10]  The trier-of-fact, whether the trial court or
the jury, remains the sole judge of the credibility of the witnesses and the
weight to be given to their testimony.  City
of Keller v. Wilson, 168 S.W.3d 802, 819 (Tex. 2005).  

A legal sufficiency
point may only be sustained when the evidence conclusively establishes the
absence of a vital fact, the record discloses no more than a mere scintilla of
evidence to prove a vital fact, the court is bound by rules of law or evidence
from giving weight to the only evidence offered to prove a vital fact, or the
evidence established conclusively the opposite of the vital fact.  Hines v. Comm'n for Lawyer Discipline,
28 S.W.3d 697, 701 (Tex. App.BCorpus Christi 2000,
no pet.).








In considering and
determining legal sufficiency or no-evidence points of error, we consider only
the evidence, and the inferences therefrom, that tend to support the jury's
findings, disregarding all evidence and inferences to the contrary.  Havner v. E-Z Mart Stores, Inc., 825
S.W.2d 456, 458 (Tex. 1992); Curtis , 20 S.W.3d at 234-45; Weiss
v. Comm'n for Lawyer Discipline, 981 S.W.2d 8, 16 (Tex. App.BSan Antonio 1998, pet.
denied).  We review the evidence "in
the light most favorable to the verdict, disregarding all contrary evidence
that a reasonable jury could have disbelieved."  Ysleta Indep. Sch. Dist. v. Monarrez,177
S.W.3d 915, 917 (Tex. 2005) (per curiam); Vickery v. Comm'n for Lawyer
Discipline, 5 S.W.3d 241, 258 (Tex. App.BHouston [14th Dist.] 1999, no pet.).  If there exists any evidence to support the
finding, the point will be overruled and the finding upheld.  Id.  The
final test for legal sufficiency must always be whether the evidence at trial
would enable reasonable and fair-minded people to reach the verdict under
review.  City of Keller, 168
S.W.3d at 827.

3.  The Texas Disciplinary Rules of Professional
Conduct

Kaufman asserts that
there was no evidence to support the finding that he had violated rule 8.04 of
the Texas Disciplinary Rules of Professional Conduct.  Rule 8.04 provides in part that a lawyer
shall not (1) violate these rules, knowingly assist or induce another to do so,
or do so through the acts of another, whether or not such violation occurred in
the course of a client-lawyer relationship, or (2) engage in conduct involving
dishonesty, fraud, deceit or misrepresentation.[11]  








Kaufman also asserts
that there was no evidence to support the findings that he had violated rules
1.04 and 1.14 of the Texas disciplinary rules. 
Rule 1.14 of the Texas disciplinary rules requires an attorney to keep
safe and separate, a client's property which is entrusted to the attorney.  Tex.
Disciplinary R. Prof'l Conduct __
1.14(a)
(Vernon Supp. 2005).  A fee is
unconscionable if a competent lawyer could not form a reasonable belief that
the fee is reasonable.  Tex. Disciplinary R. Prof'l Conduct _ 1.14(a) (Vernon Supp.
2005).  Rule 1.04(a) of the Texas
disciplinary rules of professional conduct provides that a lawyer shall not
enter into an arrangement for, charge, or collect an illegal or unconscionable
fee.  Tex.
Disciplinary R. Prof'l Conduct __
1.04(a)
(Vernon Supp. 2005).  Rule 1.14(b)
provides that a lawyer shall promptly deliver to the client or third person any
funds or other property that the client or third person is entitled to receive
and, upon request by the client or third person, shall promptly render a full
accounting regarding such property.  Tex. Disciplinary R. Prof'l Conduct _ 1.14(b) (Vernon 2005).








The jury answered
"yes" to five questions involving professional misconduct.[12]  Kaufman challenges the sufficiency of the
evidence as to the jury's answers to all five questions.  Kaufman testified that at the time he was the
trustee in bankruptcy, he did maintain an IOLTA trust account in which he
deposited the monies of CFI.  However,
Kaufman also testified that he paid himself approximately $278,000.00 of the
$354,000.00 total amount deposited on behalf of CFI.  Kaufman admitted that, although he did
provide some documentation, he did not provide all information regarding the
client's funds deemed by the bankruptcy court to be necessary and proper as to
be considered a full rendering and accounting. 
When cross-examined, Kaufman acknowledged the billing process in his
office was not as perfect as he would have liked it to be.  He admitted that the Commission's evidence of
his billing to CFI demonstrated he did take substantially all of the money from
the trust account of CFI to pay those bills. 
On these facts, there is more than a scintilla of evidence to support
the jury findings of attorney misconduct as to rules 1.14 and 8.04 of the Texas
disciplinary rules of professional conduct. 
Tex. Disciplinary R. Prof'l
Conduct __ 1.14, 8.04(a)(1), (3)
(Vernon 2005); Formosa Plastics, 960 S.W.2d at 48.  We conclude that reasonable and fair-minded
people could answer yes to all five questions presented to the jury.  City of Keller, 168 S.W.3d at 827.

Because there is
evidence to support the jury findings that Kaufman failed to (1) hold the
monies separate and apart of his own, (2) render an accounting, (3) promptly
deliver the monies, and (4) charged an unconscionable fee, thereby (5) engaging
in conduct involving dishonesty, deceit or misrepresentation, we overrule
Kaufman's  legal sufficiency challenge.  Monarrez,,177 S.W.3d at 917; Vickery,
5 S.W.3d at 258.

B.  Factual Sufficiency 








In reviewing factual
sufficiency, we must consider, examine, and weigh all of the evidence in the
record.  Maritime Overseas Corp. v.
Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998). 
In doing so, we no longer consider the evidence in the light most
favorable to the finding; instead we consider and weigh all the evidence and
set aside the finding only if it is so contrary to the great weight and
preponderance of the evidence as to be clearly wrong and unjust.  Gooch v. Am. Sling Co., 902 S.W.2d
181, 183-84 ( Tex. App.BFort Worth 1995, no
writ).  When reviewing a jury verdict to
determine the factual sufficiency of the evidence, the party attacking a
finding on which an adverse party bore the burden of proof must show that the
record presents "insufficient evidence" to support the finding.  Id. at 184.  In so doing, we do not pass on the witnesses'
credibility or substitute our judgment for that of the trier of fact. Curtis,
20 S.W.3d at 231; Vickery, 5 S.W.3d at 258. 

When questioned about
the lack of safekeeping and poor or no accounting performed on the monies held
in his IOLTA account on behalf of CFI, Kaufman admitted taking most of the
money to pay his own attorney fees.  He
acknowledged a less-than-perfect accounting system in his office, and that he
was not aware of the exact kind of accounting that CFI sought.  He claimed that the paperwork introduced into
evidence on his behalf constituted all of the accounting that he had time to
collect and put together.  He admitted
that some of the evidence was prepared specifically for the trial. 








Kaufman testified that
at the time he maintained the IOLTA trust account and monies of CFI, it was his
understanding that these monies were designed, for the most part, to pay his
attorney fees.  He testified that he did
not believe the total amount of attorney fees was unreasonable in light of the
ten years or so that he represented CFI in court.  Although Kaufman acknowledged that there was
some double billing of attorney fees for the same work performed month-to-month,
his explanation was that the billing procedures in his office were
less-than-perfect.  However, evidence
presented by the Commission established that there was repeated billing each
month for the same services rendered. 
Kaufman acknowledged the redundant billing.  He also admitted that this was standard
practice in his office.  

After a careful review
of the evidence available in the record on appeal, and applying the proper
standards of review, we find there is factually sufficient evidence of probative
force to support the findings of the jury. 
McGinnis, 618 S.W.2d at 396. 
Considering and weighing all the evidence, we do not find the verdict to
be so contrary to the great weight and preponderance of the evidence as to be
clearly wrong and unjust.  Id.  Kaufman's third issue is overruled. 

V. DISBARMENT AS
SANCTION FOR MISCONDUCT

Kaufman asserts in his
second issue that he was denied his federal and state constitutional due
process rights because the trial court (1) granted the motion in limine effectively
excluding all of Kaufman's defenses, and (2) determined all the punishment
phase issues.  Having already ruled that
error was not preserved and that the trial court did not abuse its discretion
in granting the motion in limine, we 
overrule issue number two as it relates to the motion in limine.  








As a sub-issue in his
second issue, Kaufman also raises constitutional arguments relative to the
punishment phase of the trial.  He
alleges that the trial court did not have authority to determine the
appropriate sanction to be imposed.

Texas Rules of
Disciplinary Procedure __ 2.15, 3.03 and 3.16
provide that jurisdiction lies with the trial court, which has broad discretion
to determine whether an attorney who is guilty of professional misconduct
should be reprimanded, suspended, or disbarred. 
Tex. R. Disciplinary Proc.
__ 2.15, 3.03, 3.16
(Vernon 2005); see Kilpatrick, 874 S.W.2d at 659.  In determining the appropriate sanction for
attorney misconduct, a trial court must consider (1) the nature and degree of
the professional misconduct, (2) the seriousness of and circumstances
surrounding the misconduct, (3) the loss or damage to clients, (4) the damage
to the profession, (5) the assurance that those who seek legal services in the
future will be insulated from the type of misconduct found, (6) the profit to
the attorney, (7) the avoidance of repetition, (8) the deterrent effect on others,
(9) the maintenance of respect for the legal profession, (10) the trial of the
case, and (11) other relevant evidence concerning the attorney's personal and
professional background.  Kilpatrick,
874 S.W.2d at 659;  Tex. R. Disciplinary P. 3.10 (Vernon 2005);
Curtis, 20 S.W.3d at 234-45. 
Texas rules of disciplinary procedure mandate that the trial judge
determine the punishment based upon these guidelines.  Curtis, 20 S.W.3d at 234-45. 








The sanctions imposed
by the trial court on Kaufman are consistent with these guidelines, and we do
not find that the trial court abused its discretion in entering these
sanctions.  Weiss, 981 S.W.2d at
23-24.  The remainder of Kaufman's second
issue is overruled.

VI.  CONCLUSION

Having overruled all
of the issues presented, we affirm the judgment of the trial court.  

ERRLINDA CASTILLO

Justice

 

Opinion delivered and filed this

the 20th day of July, 2006.  

 

 

 











[1] All cases involving professional
misconduct of an attorney appealed to the court must be published in the
official reporter system.  See Tex. R. Disciplinary P. 6.06, reprinted
in Tex. Gov't Code Ann., tit. 2,
subtit. G app. A-1 (Vernon 2005). 
Accordingly, we order this opinion to be published.





[2] Kaufman's issues follow, verbatim:

(1) Whether granting the motion in
limine violated due process of law.

(2) Whether it is a constitutional
"trial by jury" under the federal and state constitutions where a
trial judge excludes all respondent's defenses by granting a motion in limine
and determines all the punishment phase issues himself.

(3) Whether there was no evidence
supporting the jury findings, or whether they were against the great weight and
preponderance of the evidence.

(4) Whether the trial court was
entitled to ignore federal law and a federal court adjudication of the
identical complaint made by the identical complainants.

(5) Whether a prosecutor gets to
take potshots at the opposing party, and then hide behind his motion in limine
to prevent the opposing party from disclosing the truth.

(6) Whether after you have made
someone a virtual cripple, and taken away 90% of his life expectancy, you ought
thereafter to be able to disbar him for a de minimis violation.

(7) Whether a course of conduct
engaged in for many years can be treated as a series of "separate
acts" under the Texas Rules of Evidence.

(8) Whether the respondent should
have been allowed to impeach Steve Ditto by showing he was president of a
"vulture fund" and putting on evidence of what such funds are like.

For ease of reference, we address
the issues using their numerical counterpart. 
We treat the statement of each issue as covering every subsidiary
question that is fairly included.  See
Tex. R. App. P. 38.1(e).  





[3] Tex.
Gov't. Code Ann. _ 81.001 (Vernon 2005).





[4] See Tex. Disciplinary R. Prof'l Conduct 
__ 1.14(a), (b)(Vernon 2005), 1.04(a)
(Vernon Supp. 2005), 8.04(a)(1), (3)(Vernon 2005), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G
app. A (Vernon 2005).





[5] Id.





[6] See Tex. R. Disciplinary Proc. _ 2.15.





[7] In a state disciplinary action,
venue shall either be in (1) the county of respondent's principal place of
practice; or (2) if the respondent does not maintain a place of practice within
the state of Texas, in the county of respondent's residence or (3) if the
respondent maintains neither a residence nor a place of practice within the
State of Texas, then in the county where the alleged professional misconduct
occurred, in whole or in part.  Tex. R. Disciplinary Proc. _ 3.03.





[8] An appellant must refer the
appellate court to those portions of the record that support his argument.  Wade v. Comm'n for Lawyer Discipline,
961 S.W.2d 366, 373 (Tex. App.B Houston [1st Dist.] 1997, no pet.).  Stated facts must be supported by record
references.  See Tex. R. App. P. 38.1(f).  In his appellate brief, Kaufman provides
factual allegations unsupported by the record before us.  For example, Kaufman complains he attempted
to adduce evidence of his character and reputation through (1) documents of his
service as an officer of the Coastal Bend Bankruptcy Association, (2) a book of
religious philosophy, and (3) a dozen law review articles regarding the
"nature of justice."  However,
he provides no record references, and we find none in the record before
us.  Id.  





[9] The trial court's determination of
a sanction in disciplinary proceedings is reviewed under an abuse of discretion
standard.  See State Bar of Tex. v.
Kilpatrick, 928 S.W.2d 659, 666 (Tex. App.BCorpus Christi 1996, no writ).  In determining the appropriate sanction for
attorney misconduct, a trial court must consider the nature and degree of the
professional misconduct, the seriousness of and circumstances surrounding the
misconduct, the loss or damage to clients, the damage to the profession, the
assurance that those who seek legal services in the future will be insulated
from the type of misconduct found, the profit to the attorney, the avoidance of
repetition, the deterrent effect on others, the maintenance of respect for the
legal profession, the trial of the case, and other relevant evidence concerning
the attorney's personal and professional background.  Id. 
Kaufman maintains that the trial court essentially should have taken
judicial notice of the condition of his health. 
He assigns reversible error because a "fair trial would have given
him enough time to do what he needed to put on his side of the case and make
all the arguments he needed to make." 
The record, however, contains no evidence or mention by him, of his
deteriorated health.  The stated facts
must be supported by record references.  Tex. R. App. P. 38.1(f).





[10] The evidence is no more than a
scintilla and, in legal effect, is no evidence "when the evidence offered
to prove a vital fact is so weak as to do no more than create a mere surmise or
suspicion of its existence."  Kindred v. Con/Chem, Inc., 650 S.W.2d 61,
63 (Tex. 1983).  Conversely, more than a
scintilla exists when the evidence "rises to a level that would enable
reasonable and fair‑minded people to differ in their
conclusions."  Transp. Ins. Co.
v. Moriel, 879 S.W.2d 10, 25, 37 (Tex. 1994).

 





[11] Tex.
Disciplinary R. Prof'l Conduct _ 8.04(a)(1), (3) (Vernon 2005),
reprinted in Tex. Gov't Code Ann.,
tit. 2, subtit. G app. A (Vernon 2005). 





[12] The five questions presented to
the jury are as follow:  Do you find that
Respondent 

(1) failed to hold funds belonging
in whole or in part to clients or third persons that were in his possession in
connection with a representation, separate from his own funds; 

(2) after receiving funds in which
a client or third person had an interest, upon request by the client or third
person, failed promptly to render a full accounting regarding such funds; 

(3)failed promptly to deliver to
the client or third person any funds that the client or third person was
entitled to receive; 

(4) charged or collected an
unconscionable fee?  You are instructed
that a fee is unconscionable if a competent lawyer could not form a reasonable
belief that the fee is reasonable; and 

(5) engaged in conduct involving dishonesty, deceit or
misrepresentation in connection with the Feldman bankruptcy estate.